UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2011 MAY 27  A 9: 26

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | **FILED UNDER SEAL** |
| v. | ) | DISTRICT COURT |
| | ) | DISTRICT OF MASS. |
| 1.   JOHN WILLIS | ) | |
|      a/k/a "Bac Guai John" | ) | CRIMINAL NO. 11-cr-10212-JLT |
| 2.   BRANT WELTY | ) | |
| 3.   PETER MELENDEZ a/k/a "Shrek" | ) | |
| 4.   AIBUN ENG | ) | |
| 5.   BRIAN BOWES | ) | |
| 6.   KEVIN BARANOWSKI | ) | |
| 7.   MICHAEL CLEMENTE | ) | |
|      a/k/a "Ricky Martin" | ) | |
| 8.   MICHAEL SHAW | ) | |
| 9.   MARK THOMPSON | ) | |
| 10.  STEVEN LE a/k/a "Little Stevie" | ) | |
| 11.  VINCENT ALBERICO | ) | |
| 12.  BRIDGET WELTY | ) | |
| 13.  ANEVAY DUFFY a/k/a "Homegirl" | ) | |
| | ) | |
|      Defendants. | ) | |

## EX PARTE APPLICATION FOR POST-INDICTMENT RESTRAINING ORDER

1. The federal grand jury of this District on May 26, 2011, returned an Indictment (the "Indictment") charging Defendants JOHN WILLIS, BRANT WELTY, PETER MELENDEZ, AIBUN ENG, BRIAN BOWES, KEVIN BARANOWSKI, MICHAEL CLEMENTE, MICHAEL SHAW, MARK THOMPSON, STEVEN LE, VINCENT ALBERICO, BRIDGET WELTY, and ANEVAY DUFFY (collectively, "Defendants") with Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone, Marijuana and Human Growth Hormone, in violation of 21 U.S.C. § 846.

2. The Indictment also alleges that upon conviction of the offense in violation of 21

U.S.C. § 846 set forth in Count One, Defendants jointly and severally, shall forfeit to the United States, pursuant to 21 U.S.C. §853: (1) any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the charged offense; and (2) any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense. The property to be forfeited includes, without limitation, the following:

    a.     A money judgment equal to the total amount of gross drug proceeds.

    b.     CRU Wine and Spirits, Inc., a Massachusetts corporation, operating at 1750-1752 Washington Street, Boston, Massachusetts, and all of its tangible and intangible assets, including, without limitation, all of its inventory, its cash on hand, its Retail Package Store All Alcoholic Beverages License, issued by the Commonwealth of Massachusetts Alcoholic Beverages Control Commission, and any leasehold or other interests it may have in its ground floor, basement, or other premises at 1750-1752 Washington Street, Boston, Massachusetts.

    c.     9Five4 Nightclub Group, Inc., a Florida corporation, with a principal office address of 3101 N. Federal Hwy., 2nd Floor, Ft. Lauderdale, Florida 33306, and all of its tangible and intangible assets including, without limitation, all operating capital, licenses, leasehold and other real property interests, and rights of ownership, management, or control over any club, business, or business property, including, without limitation, all fixtures and other improvements to any such property.

    d.     Approximately $98,473.00 in United States currency, seized by the Ridgeland, South Carolina, Police Department from Defendant MICHAEL SHAW and Defendant JOHN WILLIS (who falsely identified himself to police as Defendant BRANT WELTY) on or about February 10, 2011, on Route 95 in Ridgeland, South Carolina, turned over to the Drug Enforcement Administration for federal forfeiture, numbered for tracking purposes as asset No. 11-DEA-543937, and claimed on or about April 20, 2011, by Defendant MICHAEL SHAW via a false sworn statement submitted by SHAW to DEA Forfeiture Counsel.

    e.     All funds contained in Citibank, N.A., Bank Account No. 9118178007, in the name of 9Five4 Nightclub Group, Inc.

    f.     All funds contained in Bank of America, N.A., Account No. 009456972191, in

       the name of Brant Welty.

   g.    All funds contained in Bank of America, N.A., Account No. 229036933786, in the name of Mike's Boat & Jet Ski Rental.

3.    The United States of America, by its undersigned counsel, hereby applies to this Court, pursuant to 21 U.S.C. § 853(e), for a post-indictment restraining Order against Defendants, their agents, servants, employees, attorneys, family members, all other persons in active concert or participation with them, and all persons in possession or control of assets identified above and in the Indictment as forfeitable to the United States upon defendants' convictions on Count One of the Indictment.

4.    The proposed Order, submitted herewith, would restrain all such persons with notice of the Order from transferring, encumbering, hypothecating, spending, disposing of, or completing any action that would affect or diminish the marketability or value of, all such forfeitable assets, without prior approval of this Court upon notice to the United States and an opportunity for the United States to be heard.

5.    The United States seeks this restraining order to preserve the status quo and to secure the continued availability of the assets for forfeiture upon the Defendants' convictions.

6.    If the forfeitable assets are not restrained, there is a substantial risk that they will be transferred, encumbered, dissipated, or otherwise made unavailable for forfeiture at the conclusion of this case.

WHEREFORE, for these reasons and those reasons set forth in the United States' Memorandum in Support of Ex Parte Application for Post-Indictment Restraining Order, the United States requests that this Court enter a restraining order in the form submitted herewith pursuant to 21 U.S.C. § 853(e)(1)(A).

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: /s/ Richard L. Hoffman
Richard L. Hoffman
Timothy E. Moran
Assistant U.S. Attorneys
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3279

Dated: May 27, 2011