UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2011 MAY 27 A 9:26

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | ***FILED UNDER SEAL*** |
| v. | ) | U.S. DISTRICT COURT |
| | ) | DISTRICT OF MASS. |
| 1.  JOHN WILLIS | ) | |
|     a/k/a "Bac Guai John" | ) | CRIMINAL NO. 11-cr-10212-JLT |
| 2.  BRANT WELTY | ) | |
| 3.  PETER MELENDEZ a/k/a "Shrek" | ) | |
| 4.  AIBUN ENG | ) | |
| 5.  BRIAN BOWES | ) | |
| 6.  KEVIN BARANOWSKI | ) | |
| 7.  MICHAEL CLEMENTE | ) | |
|     a/k/a "Ricky Martin" | ) | |
| 8.  MICHAEL SHAW | ) | |
| 9.  MARK THOMPSON | ) | |
| 10. STEVEN LE a/k/a "Little Stevie" | ) | |
| 11. VINCENT ALBERICO | ) | |
| 12. BRIDGET WELTY | ) | |
| 13. ANEVAY DUFFY a/k/a "Homegirl" | ) | |
| | ) | |
|     Defendants. | ) | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF EX PARTE
APPLICATION FOR POST-INDICTMENT RESTRAINING ORDER**

The federal grand jury of this District on May 26, 2011, returned an Indictment (the "Indictment") charging Defendants JOHN WILLIS, BRANT WELTY, PETER MELENDEZ, AIBUN ENG, BRIAN BOWES, KEVIN BARANOWSKI, MICHAEL CLEMENTE, MICHAEL SHAW, MARK THOMPSON, STEVEN LE, VINCENT ALBERICO, BRIDGET WELTY, and ANEVAY DUFFY (collectively, "Defendants") with Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone, Marijuana and Human Growth Hormone, in violation of 21 U.S.C. § 846.

The Indictment also alleges that upon conviction of the offense in violation of 21 U.S.C.

§ 846 set forth in Count One, Defendants jointly and severally, shall forfeit to the United States, pursuant to 21 U.S.C. §853: (1) any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the charged offense; and (2) any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense. The property to be forfeited includes, without limitation, the following:

    a.    A money judgment equal to the total amount of gross drug proceeds.

    b.    CRU Wine and Spirits, Inc., a Massachusetts corporation, operating at 1750-1752 Washington Street, Boston, Massachusetts, and all of its tangible and intangible assets, including, without limitation, all of its inventory, its cash on hand, its Retail Package Store All Alcoholic Beverages License, issued by the Commonwealth of Massachusetts Alcoholic Beverages Control Commission, and any leasehold or other interests it may have in its ground floor, basement, or other premises at 1750-1752 Washington Street, Boston, Massachusetts.

    c.    9Five4 Nightclub Group, Inc., a Florida corporation, with a principal office address of 3101 N. Federal Hwy., 2nd Floor, Ft. Lauderdale, Florida 33306, and all of its tangible and intangible assets including, without limitation, all operating capital, licenses, leasehold and other real property interests, and rights of ownership, management, or control over any club, business, or business property, including, without limitation, all fixtures and other improvements to any such property.

    d.    Approximately $98,473.00 in United States currency, seized by the Ridgeland, South Carolina, Police Department from Defendant MICHAEL SHAW and Defendant JOHN WILLIS (who falsely identified himself to police as Defendant BRANT WELTY) on or about February 10, 2011, on Route 95 in Ridgeland, South Carolina, turned over to the Drug Enforcement Administration for federal forfeiture, numbered for tracking purposes as asset No. 11-DEA-543937, and claimed on or about April 20, 2011, by Defendant MICHAEL SHAW via a false sworn statement submitted by SHAW to DEA Forfeiture Counsel.

    e.    All funds contained in Citibank, N.A., Bank Account No. 9118178007, in the name of 9Five4 Nightclub Group, Inc.

    f.    All funds contained in Bank of America, N.A., Account No. 009456972191, in the name of Brant Welty.

 g. All funds contained in Bank of America, N.A., Account No. 229036933786, in the name of Mike's Boat & Jet Ski Rental.

In order to preserve the status quo while this case is pending with respect to the forfeitable assets named in the Indictment, the United States now seeks an Order restraining the transfer, alienation, concealment, or dissipation of those assets. The pertinent forfeiture statute, 21 U.S.C. §853((e)(1)(A), expressly authorizes this Court to issue such post-indictment orders.[1]

 i. <u>What Is Forfeitable</u>

The applicable forfeiture statute in this case provides that, upon Defendants' convictions, the Court "shall" order that they forfeit to the United States (1) any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of the charged offense; and (2) any property used, or intended to be used, in any manner or part, to commit and to facilitate the commission of the offense. 21 U.S.C. § 853(a).

In the Indictment, the grand jury charged this statutory language, and also found probable cause to forfeit certain specific listed assets pursuant to this statute. Although the Indictment also contains language providing for the forfeiture of so-called "substitute assets," the assets which the United States now seeks to restrain were named in the Indictment as directly forfeitable to the United States.

 ii. "<u>Relation Back</u>"

The property forfeitable under Section 853(a)(1) is the property of defendants convicted

---

[1] Such orders are properly issued *ex parte*. *See United States v. Jones*, 160 F.3d 641, 647-49 (10th Cir. 1998) (pre-trial restraints may be imposed *ex parte*); *United States v. Jenkins*, 974 F.2d 32, 35-36 (5th Cir. 1992) (no due process violation where post-indictment restraining order was entered *ex parte*); *United States v. Monsanto*, 924 F.2d 1186, 1192-93 (2d Cir. 1991) (unanimous en banc court, on remand from Supreme Court case cited in text, *infra*, concludes that strong government interests and exigent circumstances in forfeiture context justify imposition of pre-trial restraints without pre-restraint hearing).

3

of violating, among other things, 21 U.S.C. § 846. However, subsection (c) of 21 U.S.C. § 853, the criminal forfeiture procedural statute, severely limits the ability of a defendant, once having generated or obtained forfeitable property at any time as a result of criminal activity, to transfer such property effectively to any other person:

> (c) All right, title, and interest in property described in subsection (a) vests in the United States upon the commission of the act giving rise to forfeiture under this section. Any such property that is subsequently transferred to a person other than the defendant may be the subject of a special verdict of forfeiture and thereafter shall be ordered forfeited to the United States, unless the transferee establishes in a hearing pursuant to subsection (n) of this section that he is a bona fide purchaser for value of such property who at the time of purchase was reasonably without cause to believe that the property was subject to forfeiture under this section.

21 U.S.C. § 853(c).

Under this "relation back" provision, as applied to this case, title to the real and personal property charged as forfeitable in the Indictment is deemed to have vested immediately in the United States upon the commission of the crime giving rise to forfeiture. Such assets became forfeitable at that same point in time, and have continued to be forfeitable "property of" the Defendants, no matter to whom the assets have been conveyed, and no matter in whose names the assets may currently be held, unless the assets are proven to have been effectively transferred to a third party. Such a transfer is effective only if it was (i) for value; (ii) to a bona fide purchaser; (iii) who was without reason to know of the Defendants' illegal activities. 21 U.S.C. § 853(c).

   iii.   <u>Post-Indictment Restraint</u>

21 U.S.C. § 853(e)(1)(A) provides that upon application of the United States after the filing of an indictment charging violations that are predicates for forfeiture, and alleging that

certain property would, in the event of conviction, be subject to forfeiture, the district court may "enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) for forfeiture under this section...." 21 U.S.C. § 853(e)(1)(A).

Unlike subsection 853(e)(1)(B), which permits restraint of assets <u>prior to</u> indictment only upon a showing by the United States of a substantial probability (i) that the United States will prevail on the issue of forfeiture; (ii) that failure to enter the order will result in loss of the property for forfeiture; and (iii) that the need to preserve the assets outweighs the hardship on any party affected by the order, a <u>post-indictment</u> restraining order, like the one now sought by the United States in this case, requires only a showing of probable cause to believe that the assets to be restrained are forfeitable. *United States v. Monsanto*, 491 U.S. 600, 615-16 (1989) ("[I]t would be odd to conclude that the Government may not restrain property ... based on a finding of probable cause, when we have held that (under appropriate circumstances), the Government may restrain *persons* where there is a finding of probable cause to believe that the accused has committed a serious offense.").

In addition, while <u>pre</u>-indictment restraints typically require the submission of affidavits and other supporting materials to the court, on an application for a <u>post</u>-indictment restraining order, "the indictment itself establishes the merits of the government's case." *United States v. Real Property in Waterboro*, 64 F.3d 752, 756 (1st Cir. 1995) (construing 21 U.S.C. § 853(e)); see *United States v. Jenkins*, 974 F.2d 32, 35 (5th Cir. 1992) (post-indictment petition for restraining order "stands on a stronger footing than a pre-indictment petition").

iv.     Limited Discretion

Moreover, although the "may" appearing in subsection 853(e)(1) suggests some amount of discretion with respect to post-indictment restraining orders, the discretion is quite limited. The Supreme Court in *Monsanto*, 491 U.S. at 612-13, construing the drug forfeiture provision, 21 U.S.C. § 853, ruled that it was error to import "traditional principles of equity" and related equitable balancing tests into the process of issuing and reviewing forfeiture restraining orders:

> This reading seriously misapprehends the nature of the provisions in question. As we have said, [21 U.S.C.] § 853(a) is categorical .... Under § 853(e)(1), the trial court "may" enter a restraining order if the United States requests it, but not otherwise, and it is not required to enter such an order if a bond or some other means to "preserve the availability of property described in subsection (a) of this section for forfeiture" is employed. <u>Thus, § 853(e)(1)(A) is plainly aimed at implementing the commands of § 853(a) and cannot sensibly be construed to give the district court discretion to permit the dissipation of the very property that § 853(a) requires be forfeited upon conviction.</u>
>
> .... Whatever discretion Congress gave the district courts in §§ 853(e) and 853(c), that discretion must be cabined by the purposes for which Congress created it: "to preserve the availability of property ... for forfeiture." We cannot believe that Congress intended to permit the effectiveness of the powerful "relation-back" provision of § 853(c), and the comprehensive "any property ... any proceeds" language of § 853(a), to be nullified by any other construction of the statute.
>
> This result may seem harsh, but we have little doubt that it is the one that the statute mandates. Section 853(c) states that "[a]ll right, title, and interest in [forfeitable] property ... vests in the United States upon the commission of the act giving rise to forfeiture." <u>Permitting a defendant to use assets for his private purposes that, under this provision, will become the property of the United States if a conviction occurs cannot be sanctioned.</u>

*Monsanto*, 491 U.S. at 612-13 (emphasis added). Among other things, the Court in *Monsanto* rejected the argument that because the legislative history was "silent" on the issue of attorneys' fees, it should construe the statute as exempting such fees from restraint and forfeiture:

> [T]he legislative history and congressional debates are similarly silent on the use of forfeitable assets to pay stockbroker's fees, laundry bills, or country club memberships; no

6

one could credibly argue that, as a result, assets to be used for these purposes are similarly exempt from the statute's definition of forfeitable property. The fact that the forfeiture provision reaches assets that could be used to pay attorney's fees, even though it contains no express provisions to this effect, "'does not demonstrate ambiguity'" in the statute: "'It demonstrates breadth.'"

491 U.S. at 608-09 (citations omitted).

In a companion case, *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617 (1989), the Supreme Court elaborated upon its reasons for not exempting from restraint funds which the defendants claimed they needed to retain counsel:

> A defendant has no Sixth Amendment right to spend another person's money for services rendered by an attorney, even if those funds are the only way that that defendant will be able to retain the attorney of his choice. A robbery suspect, for example, has no Sixth Amendment right to use funds he has stolen from a bank to retain an attorney to defend him if he is apprehended. The money, though in his possession, is not rightfully his....
> ....
> There is no constitutional principle that gives one person the right to give another's property to a third party, even where the person seeking to complete the exchange wishes to do so in order to exercise a constitutionally protected right. .... If defendants have a right to spend forfeitable assets on attorney's fees, why not on exercises of the right to speak, practice one's religion, or travel? The full exercise of these rights, too, depends in part on one's financial wherewithal; and forfeiture, or even the threat of forfeiture, may similarly prevent a defendant from enjoying these rights as fully as he might otherwise. Nonetheless, we are not about to recognize an antiforfeiture exception for the exercise of each such right; nor does one exist for the exercise of Sixth Amendment rights.

*Caplin & Drysdale*, 491 U.S. at 626, 628.

## CONCLUSION

In order to preserve the status quo with respect to the assets named as forfeitable in the Indictment, the United States requests that the Court allow its *Ex Parte* Application for Post-Indictment Restraining Order and issue the proposed Order, filed herewith.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: _____
Richard L. Hoffman
Timothy E. Moran
Assistant U.S. Attorneys
1 Courthouse Way, Suite 9200
Boston, MA 02210

Dated: May 27, 2011