UNITED STATES DISTRICT COURT    FILED
DISTRICT OF MASSACHUSETTS    IN CLERKS OFFICE

2011 MAY 27  A 9: 26

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | ***FILED UNDER SEAL*** DISTRICT COURT |
| v. | ) | DISTRICT OF MASS. |
| | ) | |
| 1.  JOHN WILLIS | ) | |
|      a/k/a "Bac Guai John" | ) | |
| 2.  BRANT WELTY | ) | |
| 3.  PETER MELENDEZ a/k/a "Shrek" | ) | CRIMINAL NO. 11-cr-10212-JLT |
| 4.  AIBUN ENG | ) | |
| 5.  BRIAN BOWES | ) | |
| 6.  KEVIN BARANOWSKI | ) | |
| 7.  MICHAEL CLEMENTE | ) | |
|      a/k/a "Ricky Martin" | ) | |
| 8.  MICHAEL SHAW | ) | |
| 9.  MARK THOMPSON | ) | |
| 10. STEVEN LE a/k/a "Little Stevie" | ) | |
| 11. VINCENT ALBERICO | ) | |
| 12. BRIDGET WELTY | ) | |
| 13. ANEVAY DUFFY a/k/a "Homegirl" | ) | |
| | ) | |
|      Defendants. | ) | |

## UNITED STATES' APPLICATION AND PROPOSED ORDER TO MAINTAIN PROPERTY IN CUSTODY FOR CRIMINAL FORFEITURE

The United States of America, by and through its undersigned counsel, hereby moves for

an order allowing it to maintain custody of property already in government custody pending the

resolution of the criminal forfeiture proceedings in this case for the reasons set forth below.

The federal grand jury of this District on May 26, 2011, returned an Indictment (the

"Indictment") charging Defendants JOHN WILLIS, BRANT WELTY, PETER MELENDEZ,

AIBUN ENG, BRIAN BOWES, KEVIN BARANOWSKI, MICHAEL CLEMENTE, MICHAEL

SHAW, MARK THOMPSON, STEVEN LE, VINCENT ALBERICO, BRIDGET WELTY, and

ANEVAY DUFFY (collectively, "Defendants") with Conspiracy to Distribute and Possess with

Intent to Distribute Oxycodone, Marijuana and Human Growth Hormone, in violation of 21

U.S.C. § 846.

The Indictment also alleges that upon conviction of the offense in violation of 21 U.S.C.

§ 846 set forth in Count One, Defendants jointly and severally, shall forfeit to the United States,

pursuant to 21 U.S.C. §853: (1) any and all property constituting or derived from any proceeds

obtained directly or indirectly as a result of the charged offense; and (2) any and all property used

or intended to be used in any manner or part to commit and to facilitate the commission of the

offense.  The property to be forfeited includes, among other assets, the following:

    d.      Approximately $98,473.00 in United States currency, seized by the Ridgeland,
           South Carolina, Police Department from Defendant MICHAEL SHAW and
           Defendant JOHN WILLIS (who falsely identified himself to police as Defendant
           BRANT WELTY) on or about February 10, 2011, on Route 95 in Ridgeland,
           South Carolina, turned over to the Drug Enforcement Administration for federal
           forfeiture, numbered for tracking purposes as asset No. 11-DEA-543937, and
           claimed on or about April 20, 2011, by Defendant MICHAEL SHAW via a false
           sworn statement submitted by SHAW to DEA Forfeiture Counsel (hereafter, the
           "Seized Currency").

Simultaneously with this application, the United States has moved that this Court enter a

restraining order, restraining all forfeitable property pending further order of the Court.

As indicated in subparagraph d above, the Seized Currency was seized by the Ridgeland,

South Carolina, Police Department on or about February 10, 2011, and turned over to the Drug

Enforcement Administration ("DEA") for federal forfeiture.  DEA timely commenced

administrative forfeiture proceedings against the Seized Currency in accordance with 18 U.S.C.

§ 983(a)(1) by sending notice to, among others, Defendant MICHAEL SHAW.  On or about

April 20, 2011, SHAW submitted a claim for the Seized Currency to DEA Forfeiture Counsel.

Under 18 U.S.C. § 983(a)(3), if the United States wishes to preserve its ability to forfeit

the Seized Currency civilly after the filing of such an administrative claim, the United States has 90 days from the date when DEA received SHAW's claim, April 21, 2011, to: 1) return the property, 2) commence a civil judicial forfeiture action, or 3) commence a criminal forfeiture by obtaining a criminal indictment alleging that the property is forfeitable. As explained below, the United States has elected the third option by naming the Seized Currency as forfeitable in the Indictment, and is filing this motion to preserve its ability to commence civil forfeiture proceedings at a later date as to the Seized Currency if forfeiture of all interests in this asset is not completed in this criminal case. *See United States v. Candelaria-Silva*, 166 F.3d 19, 43 (1st Cir. 1999) (forfeiture theories are not mutually exclusive; government may properly switch from one applicable theory of forfeiture to another).

The Indictment in this case, returned on May 26, 2011, alleges criminal forfeiture pursuant to 21 U.S.C. § 853 of, among other assets, the Seized Currency. The United States intends to maintain and preserve the Seized Currency in custody for criminal forfeiture.

18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the United States elects to proceed with criminal forfeiture as to civilly seized assets, as to which it wishes to preserve the option of civil judicial forfeiture, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." The applicable criminal forfeiture statute here, 21 U.S.C. § 853, provides several methods for preserving property for criminal forfeiture.

Section 853(f) authorizes the issuance of a criminal seizure warrant. However, where the property in question is already in government custody, it is neither necessary nor appropriate for a court to issue a seizure warrant directing the government to seize property from itself. *See In*

*Re: 2000 White Mercedes ML320*, 220 F. Supp.2d 1322, 1325-26 (M.D. Fla. 2001) (if property is already in government custody, no § 853(f) seizure warrant is necessary or appropriate; court's order under § 853(e) is sufficient to preserve property for criminal forfeiture).

Second, Section 853(e) authorizes the issuance of restraining orders or injunctions to preserve property for forfeiture. However, it is not necessary to enjoin the government from disposing of property that it has taken into custody for forfeiture where, as here, the government represents that it will preserve seized property for criminal forfeiture in a pending criminal case. *See White Mercedes*, 220 F.Supp.2d at 1329-30.

Finally, Section 853(e)(1) also authorizes courts to "take any other action to preserve the availability of property" subject to forfeiture. This broad authority appropriately applies where, as in this case, the government has criminally forfeitable property in custody as to which it seeks to preserve the option of civil forfeiture by complying with Section 983(a)(3)(B)(ii)(II). *See United States v. Standridge*, 2007 WL 2572207, *2-*3 (M.D. Fla. Sept. 5, 2007) (entering order pursuant to 21 U.S.C. § 853(e)(1) to preserve property in government custody for forfeiture); *United States v. Scarmazzo*, 2007 WL 587183, *3-*4 (E.D. Calif. Feb. 22, 2007) (same); *White Mercedes*, 220 F.Supp.2d at 1326 n.5 (order "short of an injunction or restraining order" may be sufficient to assure availability of allegedly forfeitable property in government custody).

In this case, the Seized Currency is already in government custody and the government intends to preserve it for criminal forfeiture. Hence, neither a seizure warrant under § 853(f) nor a restraining order or injunction under § 853(e) is required to preserve the property for forfeiture. *See White Mercedes, Standridge*, and *Scarmazzo, supra*. Rather, all that is required to comply with Section 983(a)(3)(B)(ii)(II) is an order from this Court confirming that the United States and

its agencies, including the United States Marshals Service, may continue to maintain custody of

the Seized Currency until the criminal case is concluded.

WHEREFORE, pursuant to 21 U.S.C. § 853(e)(1), the United States respectfully requests

that this Court issue an order in the form submitted with this motion, confirming that the United

States may maintain custody of the Seized Currency for criminal forfeiture, thus satisfying 18

U.S.C. § 983(a)(3)(B)(ii)(II) and preserving the government's option of commencing civil

judicial forfeiture as to the Seized Currency if that is deemed appropriate at some later time.

Respectfully submitted,
CARMEN M. ORTIZ
United States Attorney

By: _____

Richard L. Hoffman
Timothy E. Moran
Assistant U.S. Attorneys
U. S. Attorney's Office
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3279

Date:  May 27, 2011

5