## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | ***FILED UNDER SEAL*** |
| v. | ) | |
| | ) | |
| 1.   JOHN WILLIS | ) | |
|       a/k/a "Bac Guai John" | ) | CRIMINAL NO. 11-cr-10212-JLT |
| 2.   BRANT WELTY | ) | |
| 3.   PETER MELENDEZ a/k/a "Shrek" | ) | |
| 4.   AIBUN ENG | ) | |
| 5.   BRIAN BOWES | ) | |
| 6.   KEVIN BARANOWSKI | ) | |
| 7.   MICHAEL CLEMENTE | ) | |
|       a/k/a "Ricky Martin" | ) | |
| 8.   MICHAEL SHAW | ) | |
| 9.   MARK THOMPSON | ) | |
| 10.  STEVEN LE a/k/a "Little Stevie" | ) | |
| 11.  VINCENT ALBERICO | ) | |
| 12.  BRIDGET WELTY | ) | |
| 13.  ANEVAY DUFFY a/k/a "Homegirl" | ) | |
| | ) | |
| Defendants. | ) | |

### RESTRAINING ORDER

_____, D.J.

Upon consideration of the Ex Parte Application of the United States for Post-Indictment

Restraining Order, and pursuant to 21 U.S.C. § 853(e)(1)(A), the Court finds and rules as

follows:

1.      The federal grand jury of this District on May 26, 2011, returned an Indictment

(the "Indictment") charging Defendants JOHN WILLIS, BRANT WELTY, PETER

MELENDEZ, AIBUN ENG, BRIAN BOWES, KEVIN BARANOWSKI, MICHAEL

CLEMENTE, MICHAEL SHAW, MARK THOMPSON, STEVEN LE, VINCENT ALBERICO,

BRIDGET WELTY, and ANEVAY DUFFY (collectively, "Defendants") with Conspiracy to

Distribute and Possess with Intent to Distribute Oxycodone, Marijuana and Human Growth

Hormone, in violation of 21 U.S.C. § 846.

2.      The Indictment also alleges that upon conviction of the offense in violation of 21

U.S.C. § 846 set forth in Count One, Defendants jointly and severally, shall forfeit to the United

States, pursuant to 21 U.S.C. §853: (1) any and all property constituting or derived from any

proceeds obtained directly or indirectly as a result of the charged offense; and (2) any and all

property used or intended to be used in any manner or part to commit and to facilitate the

commission of the offense.  The property to be forfeited includes, without limitation, the

following:

    a.      A money judgment equal to the total amount of gross drug proceeds.

    b.      CRU Wine and Spirits, Inc., a Massachusetts corporation, operating at 1750-1752 Washington Street, Boston, Massachusetts, and all of its tangible and intangible assets, including, without limitation, all of its inventory, its cash on hand, its Retail Package Store All Alcoholic Beverages License, issued by the Commonwealth of Massachusetts Alcoholic Beverages Control Commission, and any leasehold or other interests it may have in its ground floor, basement, or other premises at 1750-1752 Washington Street, Boston, Massachusetts.

    c.      9Five4 Nightclub Group, Inc., a Florida corporation, with a principal office address of 3101 N. Federal Hwy., 2nd Floor, Ft. Lauderdale, Florida 33306, and all of its tangible and intangible assets including, without limitation, all operating capital, licenses, leasehold and other real property interests, and rights of ownership, management, or control over any club, business, or business property, including, without limitation, all fixtures and other improvements to any such property.

    d.      Approximately $98,473.00 in United States currency, seized by the Ridgeland, South Carolina, Police Department from Defendant MICHAEL SHAW and Defendant JOHN WILLIS (who falsely identified himself to police as Defendant BRANT WELTY) on or about February 10, 2011, on Route 95 in Ridgeland, South Carolina, turned over to the Drug Enforcement Administration for federal

forfeiture, numbered for tracking purposes as asset No. 11-DEA-543937, and claimed on or about April 20, 2011, by Defendant MICHAEL SHAW via a false sworn statement submitted by SHAW to DEA Forfeiture Counsel.

e.      All funds contained in Citibank, N.A., Bank Account No. 9118178007, in the name of 9Five4 Nightclub Group, Inc.

f.      All funds contained in Bank of America, N.A., Account No. 009456972191, in the name of Brant Welty.

g.      All funds contained in Bank of America, N.A., Account No. 229036933786, in the name of Mike's Boat & Jet Ski Rental.

3.      The United States has moved, *ex parte*, for a restraining order pursuant to 21 U.S.C. § 853(e)(1)(A), to preserve the status quo and to prevent Defendants and all other persons with notice of this Order from removing, transferring, dissipating, alienating, encumbering, or otherwise disposing of any of the forfeitable assets named in the Indictment and set forth in Paragraph 2 of this Order.

4.      There is reasonable cause for entry of this Order. The Indictment establishes probable cause that the assets identified in that Indictment as forfeitable, and now sought to be restrained, would be subject to forfeiture to the United States upon Defendants' convictions. The Court further concludes that, absent such restraint, there is a substantial risk that these assets would not be preserved, and therefore would not be available for forfeiture if Defendants are convicted.

NOW THEREFORE, it is the Order of this Court that this Restraining Order issue with respect to the forfeitable assets described in Paragraph 2 of this Order (collectively, the "Assets").

It is further ORDERED that Defendants, their agents, servants, employees, attorneys, family members, all other persons in active concert or participation with them, and all persons

having possession or control over the Assets subject to this Order, shall not, without prior

approval of this Court, upon notice to the United States and an opportunity for the United States

to be heard:

a)   alienate, dissipate, transfer, sell, assign, lease, pledge, encumber, or dispose of any of the Assets, in any manner, directly or indirectly;

b)   cause any of the Assets to be alienated, dissipated, transferred, sold, assigned, leased, pledged, encumbered, or disposed of in any manner; or

c)   take, or cause to be taken, any action which could have the effect of concealing any of the Assets, removing Assets from the jurisdiction of this Court, or damaging, depreciating, or diminishing the value of, any of the Assets.

Without limiting the generality of the foregoing, financial institutions holding any

accounts subject to this Order shall take no offsets against such accounts.  They shall continue to

credit any deposits or credits to such accounts in the normal course, and such deposits or credits

shall be subject to the Order.  In addition, upon receiving notice of the Order, each financial

institution shall promptly inform the government as to the account balances at the time of notice,

and shall thereafter supplement such information upon the government's request by reporting to

the government any changes to the accounts.

Defendants are hereby placed on notice that if any of the Assets are transferred,

dissipated, or disposed of by any means, and without approval of this Court, the Court may

require Defendants to account to the Court for the disposition and location of such Assets.

The United States, or its agents, shall serve this Order upon Defendants and shall provide

due notice of the Order to the other persons and entities subject to the Order.

It is further ORDERED that such persons and entities, upon receipt of such notice, which

may be provided by facsimile transmission, shall fully comply with the terms of this Order

immediately upon such receipt.

It is further ORDERED with respect to CRU Wine and Spirits, Inc., and 9Five4 Nightclub Group, Inc., that this Order is intended to prevent Defendants from transferring, dissipating, alienating, encumbering, or otherwise disposing of, their joint and several interests in those businesses, and from taking any step that would substantially diminish the value of those interests. This Order is not intended to prevent the subject businesses from conducting any legitimate business, other than business funded by drug proceeds or in furtherance of the charged drug-trafficking conspiracy, that they may have while this case is pending, or to prevent the businesses from making ordinary, necessary, and reasonable expenditures in the course of conducting such legitimate business.

This Order shall remain in effect until further order of the Court.

SO ORDERED THIS _27_ DAY OF _May_____, 2011,

_____
United States District Judge

DATED: _May 27, 2011_