UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 1.   JOHN WILLIS | ) | |
|       a/k/a "Bac Guai John" | ) | CRIMINAL NO. 11-cr-10212-JLT |
| 2.   BRANT WELTY | ) | |
| 12.  BRIDGET WELTY | ) | |
| | ) | |
|       Defendants. | ) | |

**MOTION TO MODIFY FORFEITURE RESTRAINING ORDER WITH RESPECT TO PREMISES OCCUPIED BY CRU WINE AND SPIRITS, INC.**

The United States of America, by its undersigned counsel, hereby moves that this Court modify the forfeiture restraining order entered in this case with respect to the premises occupied by CRU Wine & Spirits, Inc. ("CRU"), located at 1750-1752 Washington Street, Boston, Massachusetts, in order to permit the landlord of those premises, PGR Management/Rooster Realty Trust, and its managing agent, Heath Properties, (a) to enter the premises for the purposes of checking, installing, and improving the building's fire alarm and fire suppression system, including any related fire-suppression sprinkler system; and (b) to serve a notice to quit upon CRU for non-payment of rent and/or other violations of CRU's lease for the premises, for the reasons set forth below.

The federal grand jury of this District on May 26, 2011, returned an Indictment (the "Indictment") charging Defendants John Willis, Brant Welty, Bridget Welty, and others (collectively, "Defendants") with Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone, Marijuana and Human Growth Hormone, in violation of 21 U.S.C. § 846.

The Indictment also alleged that upon conviction of the offense in violation of 21 U.S.C. § 846 set forth in Count One, Defendants jointly and severally, shall forfeit to the United States, pursuant to 21 U.S.C. §853: (1) any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the charged offense; and (2) any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense.  The property to be forfeited that was specified in the Indictment included, among other things, the following:

> CRU Wine and Spirits, Inc., a Massachusetts corporation, operating at 1750-1752 Washington Street, Boston, Massachusetts, and all of its tangible and intangible assets, including, without limitation, all of its inventory, its cash on hand, its Retail Package Store All Alcoholic Beverages License, issued by the Commonwealth of Massachusetts Alcoholic Beverages Control Commission, and any leasehold or other interests it may have in its ground floor, basement, or other premises at 1750-1752 Washington Street, Boston, Massachusetts.

On May 27, 2011, most of the Defendants were arrested, including Defendants John Willis ("Willis"), Brant Welty and Bridget Welty.  The government contends that Willis is a silent partner in, primary funding source of, and the true owner of, CRU Wine and Spirits, Inc. (hereafter, "CRU").  Brant Welty (whom Willis describes as his brother) is the President, Treasurer, Registered Agent, and a director of CRU.  Brant Welty's sister, Bridget Welty (whom Willis decribes as his sister) is the Secretary and the other director of CRU.

Also on May 27, 2011, pursuant to a search warrant and a forfeiture seizure warrant issued in this District on May 26, 2011, the FBI searched the premises of CRU at 1750-1752 Washington Street, Boston (the "CRU Premises") and seized certain personal property, and the U.S. Marshals Service seized the wine and liquor inventory of CRU for forfeiture in this criminal case.  After the search and seizures, the FBI agents and task force officers conducting the search

in conjunction with personnel from the United States Marshals Service secured the CRU Premises and left.

While the CRU Premises search was underway, on May 27, 2011, the Court entered a post-indictment forfeiture restraining order (Docket No. 22) (the "Restraining Order"). The Restraining Order restrained all of the property alleged to be forfeitable in the Indictment, including CRU Wine and Spirits, Inc., defined as quoted above. The Restraining Order provided:

> [I]t is the Order of this Court that this Restraining Order issue with respect to the forfeitable assets described in Paragraph 2 of this Order (collectively, the "Assets").
>
> It is further ORDERED that Defendants, their agents, servants, employees, attorneys, family members, all other persons in active concert or participation with them, and all persons having possession or control over the Assets subject to this Order, shall not, without prior approval of this Court, upon notice to the United States and an opportunity for the United States to be heard:
>
> a) alienate, dissipate, transfer, sell, assign, lease, pledge, encumber, or dispose of any of the Assets, in any manner, directly or indirectly;
> b) cause any of the Assets to be alienated, dissipated, transferred, sold, assigned, leased, pledged, encumbered, or disposed of in any manner; or
> c) take, or cause to be taken, any action which could have the effect of concealing any of the Assets, removing Assets from the jurisdiction of this Court, or damaging, depreciating, or diminishing the value of, any of the Assets.
>
> Without limiting the generality of the foregoing, financial institutions holding any accounts subject to this Order shall take no offsets against such accounts. They shall continue to credit any deposits or credits to such accounts in the normal course, and such deposits or credits shall be subject to the Order. In addition, upon receiving notice of the Order, each financial institution shall promptly inform the government as to the account balances at the time of notice, and shall thereafter supplement such information upon the government's request by reporting to the government any changes to the accounts.
>
> Defendants are hereby placed on notice that if any of the Assets are transferred, dissipated, or disposed of by any means, and without approval of this Court, the Court may require Defendants to account to the Court for the disposition and location of such Assets.

The United States, or its agents, shall serve this Order upon Defendants and shall provide due notice of the Order to the other persons and entities subject to the Order.

It is further ORDERED that such persons and entities, upon receipt of such notice, which may be provided by facsimile transmission, shall fully comply with the terms of this Order immediately upon such receipt.

It is further ORDERED with respect to CRU Wine and Spirits, Inc., and 9Five4 Nightclub Group, Inc., that this Order is intended to prevent Defendants from transferring, dissipating, alienating, encumbering, or otherwise disposing of, their joint and several interests in those businesses, and from taking any step that would substantially diminish the value of those interests.  This Order is not intended to prevent the subject businesses from conducting any legitimate business, other than business funded by drug proceeds or in furtherance of the charged drug-trafficking conspiracy, that they may have while this case is pending, or to prevent the businesses from making ordinary, necessary, and reasonable expenditures in the course of conducting such legitimate business.

All Defendants have been given notice of the Restraining Order, and notice has also been given to PGR Management/Rooster Realty Trust ("PGR"), the owner and lessor of the CRU Premises.

PGR, through its attorneys, has informed undersigned government counsel that PGR needs to enter the CRU Premises for the purposes of checking, installing, and improving the building's fire alarm and fire suppression system, including any related fire-suppression sprinkler system, as soon as possible, but that, in light of the Restraining Order, PGR desires the Court's approval before it does so.

The government agrees that entry into the CRU Premises for these purposes is appropriate.  Counsel for Defendant Brant Welty and Bridget Welty have confirmed that they do not object to it.  Defendant Willis, through his attorney, has informed government counsel that Willis is not asserting an ownership interest in either CRU or the CRU Premises.

PGR has also informed government counsel, and government counsel has informed

counsel for Defendants Brant Welty and Bridget Welty, that PGR wishes to serve a notice to quit upon CRU for non-payment of rent and/or other violations of CRU's lease for the CRU Premises. PGR believes that PGR is prohibited by the Restraining Order from serving such notice on CRU.

Based on the facts set forth in the affidavit in support of the search and seizure warrants, there is probable cause to believe that CRU was funded by proceeds from the drug-trafficking conspiracy charged in Count One of the Indictment, and that CRU was used by the Defendants in furtherance of that conspiracy. There has been no indication since the May 27, 2011, search and seizures at the CRU Premises that CRU has any sufficient legitimate sources of funds either to pay any back rent that is due to PGR, or to reopen and operate a business at the CRU Premises. It is, therefore, appropriate for PGR to serve a notice to quit upon CRU at this time.

Counsel for Bridget Welty informed government counsel on August 8, 2011, that Ms. Welty does not object to service of the notice to quit upon CRU. Since the May 27, 2011, CRU search and seizures, government counsel has conferred and exchanged email several times with Defendant Brant Welty's counsel about this matter, but to date, Mr. Welty has neither assented to, nor indicated that he does not assent to, service of the notice to quit upon CRU.

WHEREFORE, for all of these reasons, the United States requests that this Court modify the May 27, 2011, Restraining Order to permit the landlord of the CRU Premises, PGR Management/Rooster Realty Trust, and its managing agent, Heath Properties, (a) to enter the CRU Premises for the purposes of checking, installing, and improving the building's fire alarm and fire suppression system, including any related fire-suppression sprinkler system; and (b) to serve a notice to quit upon CRU for non-payment of rent and/or other alleged violations of CRU's lease.  A proposed order is submitted with this motion.

        Respectfully submitted,
        CARMEN M. ORTIZ
        United States Attorney

By:    /s/Richard L. Hoffman
        Richard L. Hoffman
        Timothy E. Moran
        Assistant U.S. Attorneys
        1 Courthouse Way, Suite 9200
        Boston, MA 02210

Dated:  August 11, 2011        (617) 748-3279

## CERTIFICATE OF SERVICE

I hereby certify that I am filing the foregoing motion and the proposed order today via the ECF system, which will cause a copy to be served on all counsel of record by electronic mail.

Dated:  August 11, 2011        /s/Richard L. Hoffman
        Richard L. Hoffman
        Assistant U.S. Attorney