UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 11-cr-10212-JLT |
| | ) |
| 1.   JOHN WILLIS | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' INITIAL RESPONSE TO DEFENDANT'S MOTION
FOR ORDER TO STAY FORFEITURE PROEEDINGS**

The United States of America, by and through its undersigned counsel, hereby responds to the Motion of John Willis ("Defendant") For Order To Stay Forfeiture Proceedings (the "Motion").

Defendant's Motion reports that Defendant has received notices of administrative forfeiture proceedings pertaining to property itemized in footnote 1 of the Motion (collectively described as the "defendant property"), which has been seized by U.S. Customs and Border Protection or by the FBI.

In paragraph 2 of his Motion, Defendant states that "Defendant claims an interest in the defendant property, but denies any allegation of criminal wrongdoing which would subject the defendant property to forfeiture."

Defendant argues that a stay of the administrative forfeiture proceedings is appropriate because the forfeitures are properly the subject of this pending criminal case, that the forfeitures should be submitted to a jury for decision, and that the forfeitures should be stayed pending resolution of this criminal case. Defendant relies primarily on 18 U.S.C. § 981(g)(2), which provides that upon the motion of "a claimant," the court shall stay "the civil forfeiture proceeding with respect to that claimant" if the court determines that (a) the claimant is the

subject of a related criminal investigation or case; (b) the claimant has standing to assert a claim in the civil forfeiture proceeding, and (c) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.  18 U.S.C. § 981(g)(2).  As relief, Defendant asks that this Court either stay the administrative forfeiture proceedings pending resolution of this criminal case, or grant Defendant a 10-day extension of time to respond to the administrative notices.

Section 981(g)(2), which repeats the term "claimant" five times, provides an avenue of relief only for claimants.  Defendant's motion is premature because he is not a claimant.

Defendant states in his Motion that he "claims an interest" in the defendant property, but to become a claimant (and also to establish his standing to contest forfeiture of the defendant property, as required by 981(g)(2)(B)), Defendant must file timely claims to the property with the agencies that sent him the administrative forfeiture notices.  18 U.S.C. § 983(a)(2).  Among other things, such claims must be signed by Defendant under the pains and penalties of perjury.  18 U.S.C. § 983(a)(2)(C)(iii).  Once Defendant files such claims, the administrative forfeiture proceedings will end, and the property will be referred to the U.S. Attorney's Office for judicial forfeiture, pursuant to 18 U.S.C. § 983(a)(3).

The government intends to add any such referred property, as to which the government determines that continuing to seek forfeiture is appropriate, to the forfeiture allegations in this criminal case, either by filing a forfeiture bill of particulars specifying that the property is within the scope of the pending criminal forfeiture allegations, or by obtaining a superseding indictment.  Either approach will afford Defendant the relief that he seeks:  adjudication of the forfeitability of his interests in the property after Defendant's own guilt has been adjudicated,

subject to determination of pertinent facts by the trial jury if Defendant so requests.  See Fed. R. Crim. P. 32.2(b)(5).

By taking those steps within 90 days after the administrative agencies receive Defendants' claims, the government will also preserve its right to seek civil forfeiture of the property later if, and to the extent that, any interests in the property are not forfeited in the criminal proceedings.  See 18 U.S.C. § 983(a)(3)(B)(ii).  Such potential civil judicial forfeiture proceedings at some future time after Defendant's guilt has been determined are no cause to stay the currently pending administrative forfeiture proceedings.

## Agreed Postponement of Action on Defendant's Motion

However, since Defendant filed his Motion, Defendant's counsel and undersigned government counsel have exchanged emails and conferred about this matter.  Today, they agreed to request, jointly, via a preliminary filing by government counsel, that this Court postpone action on Defendant's Motion while counsel confers with Defendant about the option of filing timely administrative claims, rather than pursuing Defendant's request to stay the administrative proceedings.

WHEREFORE, the United States, with Defendant's assent, hereby requests that the Court postpone action on Defendant's Motion until requested by either party to proceed.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | CARMEN M. ORTIZ |
|  | United States Attorney |
| By: | /s/Richard L. Hoffman |
|  | Richard L. Hoffman |
|  | Timothy E. Moran |
|  | Assistant U.S. Attorneys |
|  | 1 Courthouse Way, Suite 9200 |
|  | Boston, MA 02210 |
| Dated: August 25, 2011 | (617) 748-3279 |

## CERTIFICATE OF SERVICE

I hereby certify that I am filing the foregoing motion and the proposed order today via the ECF system, which will cause a copy to be served on all counsel of record by electronic mail.

Dated: August 25, 2011 /s/Richard L. Hoffman
Richard L. Hoffman
Assistant U.S. Attorney