**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No. 11-10212-JLT** |
| | ) | |
| 1.   **JOHN WILLIS** | ) | |
|       a/k/a "Bac Guai John" | ) | |
| 2.   **BRANT WELTY** | ) | |
| 3.   **PETER MELENDEZ** | ) | |
|       a/k/a "Shrek" | ) | |
| 4.   **AIBUN ENG** | ) | |
| 5.   **BRIAN BOWES** | ) | |
| 6.   **KEVIN BARANOWSKI** | ) | |
| 7.   **MICHAEL CLEMENTE** | ) | |
|       a/k/a "Ricky Martin" | ) | |
| 9.   **MARK THOMPSON** | ) | |
| 12.  **BRIDGET WELTY** | ) | |
| | ) | |
| **Defendants.** | ) | |

ASSENTED-TO MOTION FOR ENDS-OF-JUSTICE CONTINUANCE,
AND EXCLUSION OF TIME,
UNDER THE SPEEDY TRIAL ACT

The United States of America, by and through Assistant United States Attorney Timothy E. Moran, respectfully moves this Court to grant a continuance of the time within which the trial of the charged offenses must commence, and exclude the time period from April 25, 2012, through and including May 24, 2012, from the speedy trial clock, pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv) and Sections 5(b)(7)(A), 5(b)(7)(B) and 5(b)(7)(C)(iv) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts (effective December 2008), on the ground that the ends of justice served by granting the requested continuance and excluding these periods outweigh the best interests of the public and the defendant in a speedy trial. The parties further ask this Court to issue the attached

proposed *Order of Continuance and Excludable Delay*. In support of this request, the parties state as follows:

1. At a status conference on April 25, 2012, the Court and the parties discussed the establishment of a schedule for the filing of pretrial motions, as well as the defendant's need for additional time in which to: (a) review discovery produced by the government; (b) investigate the evidence and possible defenses; and (c) evaluate the need for, and to prepare, discovery motions. The Court ordered the defendants, at the defendants' request, to file any discovery motions in time for them to be heard at the final status conference, currently scheduled for May 24, 2012.

2. The parties ask the Court to enter an order excluding from the speedy trial computation the period from the date of the status conference, April 25, 2012, through and including the date of May 24, 2012, the final status conference date, at which the Court will decide any discovery motions, as set forth in the attached proposed order. The parties jointly agree that this period constitutes "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," and that the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial pursuant to the Speedy Trial Act, Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv) and Sections 5(b)(7)(A), 5(b)(7)(B) and 5(b)(7)(C)(iv) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts.

3. At the hearing on April 25, 2012, defendants through their counsel assented to the exclusion of time.

4. A proposed order is attached.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: /s/ Timothy E. Moran
Timothy E. Moran
Assistant U.S. Attorney

Dated: April 25, 2012

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

By: /s/ Timothy E. Moran
Timothy E. Moran
Assistant U.S. Attorney

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal No. 11-10212-JLT |
| | ) | |
| 1.   **JOHN WILLIS** | ) | |
|       a/k/a "Bac Guai John" | ) | |
| 2.   **BRANT WELTY** | ) | |
| 3.   **PETER MELENDEZ** | ) | |
|       a/k/a "Shrek" | ) | |
| 4.   **AIBUN ENG** | ) | |
| 5.   **BRIAN BOWES** | ) | |
| 6.   **KEVIN BARANOWSKI** | ) | |
| 7.   **MICHAEL CLEMENTE** | ) | |
|       a/k/a "Ricky Martin" | ) | |
| 9.   **MARK THOMPSON** | ) | |
| 12.  **BRIDGET WELTY** | ) | |
| | ) | |
|       **Defendants.** | ) | |

## ORDER OF CONTINUANCE AND EXCLUDABLE DELAY

BOAL, M.J

Upon consideration of the parties' joint motion seeking a continuance and an order of excludable delay, the Court finds as follows:

1. At a status conference in this case on April 25, 2012, the Court ordered the defendants, at the defendants' request, to file any discovery motions in time for them to be heard at the final status conference on May 24, 2012.

2. A continuance of this proceeding from the date of the interim status conference, April 25, 2012, through and including May 24, 2012, is necessary to ensure that counsel for the defendants and the defendants have sufficient time to review discovery, investigate the evidence, consider whether to file discovery motions, and then to prepare any such discovery motions. I find, given the

specific circumstances in this case, that this continuance constitutes "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," 18 U.S.C. §3161(h)(7)(B)(iv) and Section 5(B)(7)(c)(iv) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts.

      3.      The ends of justice served by granting the requested continuance, and excluding the time period from April 25, 2012, through and including May 24, 2012, from the speedy trial clock, outweigh the best interests of the public and the defendant in a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(A) and Section 5(b)(7)(C)(iv) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts.

Accordingly, the Court hereby grants the parties' joint motion and **ORDERS** that, pursuant to the Speedy Trial Act, 18 U.S.C. §§3161(h)(7)(A) and 3161(h)(7)(B)(iv) and Sections 5(b)(7)(A), 5(b)(7)(B) and 5(b)(7)(C)(iv) of the *Plan for Prompt Disposition of Criminal Cases* for the United States District Court for the District of Massachusetts, (1) the date on which the trial must commence is continued; and (2) the period from April 25, 2012 through and including May 24, 2012, is excluded from the speedy trial clock and from the time within which the trial of the offenses charged in the indictment must commence.[1]

                                                                 _____
                                                                 **JENNIFER C. BOAL**
                                                                 **UNITED STATES MAGISTRATE JUDGE**

Dated: April __, 2012

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services,* 848 F.2d 271, 275 (1st Cir. 1988), *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986), *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980), *United States v. Vega*, 678 F.3d 376, 378-379 (1st Cir. 1982), *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also Thomas v. Arn*, 474 U.S. 140, 142 (1985).