UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 11-10212-JLT

UNITED STATES OF AMERICA

v.

JOHN WILLIS, BRANT WELTY, MICHAEL CLEMENTE & BRIDGET WELTY

### ORDER ON EXCLUDABLE TIME

August 2, 2012

Boal, M.J.

The Court finds as follows:

1. On July 26, 2012, the Court ordered that the time between July 26, 2012, which was the date of the arraignment on the superseding indictment, through and including August 30, 2012, 2012, which was the scheduled date of the next status conference, be excluded from the Speedy Trial Act computation of the time within which trial in the case must begin, pursuant to 18 U.S.C. § 3161(h)(7)(A).  See Docket No. 265.

2. The next status conference was rescheduled from August 30, 2012 to September 18, 2012.  For the same reasons stated in the July 26, 2012 Order, the Court ORDERS that the period from August 30, 2012, through and including September 18, 2012, be excluded from the Speedy Trial Act computation of the time within which trial in the case must begin, pursuant to

18 U.S.C. § 3161(h)(7)(A) and 3161(h)(7)(B)(iv).[1]

        /s/ Jennifer C. Boal
        JENNIFER C. BOAL
        United States Magistrate Judge

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate judge's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).