UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 11-10212-JLT

UNITED STATES OF AMERICA

v.

JOHN WILLIS, BRANT WELTY,

MICHAEL CLEMENTE, MARK THOMPSON, and BRIDGET WELTY

### ORDER ON EXCLUDABLE TIME

September 12, 2012

Boal, M.J.

The Court finds as follows:

1. On June 22, 2012, the Court entered an order excluding the time from June 19, 2012 until July 13, 2012, the date for the filing of dispositive motions. On July 2, 2012, this Court referred the above-named defendants to the District Judge for the scheduling of a pretrial conference. On July 19, 2012, the above-named defendants were charged in a superseding indictment, and were arraigned on July 26, 2012. On July 26, 2012, the Court entered an order excluding the time from July 26, 2012 until August 30, 2012, the date of the next status conference. Therefore, the time period between July 13, 2012 and July 26, 2012 has not formally been excluded.[1]

2. A continuance of this proceeding from July 13, 2012, the date for the filing of dispositive motions, through and including July 26, 2012, which is the date of the defendants'

---

[1] Although the Court is aware that this time period may be excluded because motions were pending before the Court, see 18 U.S.C. § 3161(h)(1)(D), the Court enters this order in the interest of clarity.

arraignment on the superseding indictment, is necessary to ensure that counsel for the defendants and the defendants have sufficient time to review discovery, to investigate the evidence, and to evaluate the need for, and to file, any pretrial motions. I find, given the specific circumstances in this case, including the number of defendants and the volume of discovery, that this continuance constitutes "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

3.  The ends of justice served by granting the continuance from July 13, 2012, through and including July 26, 2012, outweigh the best interests of the public and the defendants for a trial within seventy days of the date of the filing and making public of the indictment pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

Accordingly, the Court hereby ORDERS that the period from July 13, 2012, through and including July 26, 2012, be excluded from the Speedy Trial Act computation of the time within which trial in the case must begin, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv).[2]

        /s/ Jennifer C. Boal
        JENNIFER C. BOAL
        United States Magistrate Judge

---

[2] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate judge's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).