UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.  11-cr-10212-JLT-1 |
| | ) | |
| JOHN WILLIS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF FORFEITURE - MONEY JUDGMENT

TAURO, D.J.,

WHEREAS, on May 26, 2011, a federal grand jury sitting in this District returned an Indictment (the "Indictment") charging Defendant John Willis ("Defendant"), in Count One, with Conspiracy To Distribute and Possess with Intent to Distribute Oxycodone, Marijuana, and Human Growth Hormone, in violation of 21 U.S.C. § 846;

WHEREAS, the Indictment contained a Drug Forfeiture Allegation, charging in pertinent part that upon conviction of the offense charged in Count One, the defendants, including Defendant:

> jointly and severally, shall forfeit to the United States, pursuant to 21 U.S.C. §853: (1) any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the charged offense; and (2) any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense.  The property to be forfeited includes, without limitation, the following:

> a.     A money judgment equal to the total amount of gross drug proceeds;

WHEREAS, the forfeiture allegation also provided notice that if any of the property described as forfeitable,  as a result of any act or omission of the defendants:

> a.     cannot be located upon the exercise of due diligence;
> b.     has been transferred to, sold to, or deposited with a third party;
> c.     has been placed beyond the jurisdiction of this Court;
> d.     has been substantially diminished in value; or
> e.     has been commingled with other property which cannot be divided without difficulty;

the United States, pursuant to Title 21, United States Code, Section 853(p), intended to seek forfeiture of all other property of the defendants up to the value of the forfeitable property;

WHEREAS, on August 16, 2012, the grand jury returned the Second Superseding Indictment, charging Defendant, in Count One, with conspiring to possess with intent to distribute and distribute oxycodone, in violation of 21 U.S.C. § 846, and in Count Two, with money laundering conspiracy, in violation of 18 U.S.C. § 1956(h);

WHEREAS, the Second Superseding Indictment contained a Drug Forfeiture Allegation, charging in pertinent part that upon conviction of Count One, the defendants, including Defendant:

jointly and severally, shall forfeit to the United States, pursuant to 21 U.S.C. §853: (1) any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the charged offense; and (2) any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense. The property to be forfeited includes, without limitation, the following:

a.      A forfeiture money judgment equal to the total amount of gross drug proceeds;

WHEREAS, the Second Superseding Indictment contained a Money Laundering Forfeiture Allegation, charging in pertinent part that upon conviction of Count Two, the defendants, including Defendant:

jointly and severally, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal, involved in that offense, and all property traceable to such property. The property to be forfeited includes, without limitation, the following:

a.      a forfeiture money judgment in an amount equal to the value of all property involved in the offense.

WHEREAS, the forfeiture allegations in the Second Superseding Indictment contained a provision that if any of the forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

the United States intended to seek forfeiture of any other property of the defendants up to the value of the forfeitable property pursuant to, among other statutes, 21 U.S.C. § 853(p), which is incorporated into all criminal forfeiture statutes by 28 U.S.C. § 2461(c);

WHEREAS, on March 14, 2013, Defendant John Willis pled guilty to Counts One and Two of the Second Superseding Indictment, without a plea agreement;

WHEREAS, the Court has accepted Defendant's guilty plea;

WHEREAS, as a result of Defendant's conviction of Count One, the United States is entitled to forfeit from Defendant, among other property, the entire gross proceeds of the oxycodone-trafficking conspiracy charged in Count One, to the extent that such gross proceeds were reasonably foreseeable to Defendant;

WHEREAS, because Defendant John Willis was the "hub" and leader of the Count One oxycodone-trafficking conspiracy, all of the gross proceeds of that conspiracy were reasonably foreseeable to Defendant;

WHEREAS, the evidence and other reliable information available to the Court, including the evidence presented to the Court during the recent trial of Defendant's co-conspirator Colby Deering and other evidence summarized in the United States' forfeiture motion, establishes that, more likely than not, the oxycodone-trafficking conspiracy generated more than $3.9 million in gross proceeds during its approximately 18-month existence, from about December 2009 through May 27, 2011;

WHEREAS, the gross proceeds of the oxycodone-trafficking conspiracy certainly amounted

to substantially more than the $2,000,000 forfeiture money judgment that the government now seeks against Defendant;

WHEREAS, the government has thus provided a sufficient factual basis for such a judgment against Defendant; and

WHEREAS, the United States is now entitled to the requested forfeiture judgment and has moved for entry of an order to that effect;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.      The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's guilty plea and conviction, Defendant's admissions at the change of plea hearing, and the evidence summarized above and in the government's motion, that the government has reasonably established the amount that Defendant should pay in the form of a forfeiture money judgment.  Accordingly, the following property (collectively, the "Forfeited Property") is hereby forfeited to the United States of America pursuant to 21 U.S.C. § 853:  the amount of $2,000,000.00 in United States currency.

2.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service is hereby authorized to seize the Forfeited Property and maintain it in its secure custody and control.

3.      A forfeiture money judgment shall enter against Defendant in the stated amount of $2,000,000.00 in United States currency.

4.      The United States Marshals Service is hereby authorized to accept payments from Defendant in satisfaction of this judgment and to dispose of them according to applicable law without further notice or further order of this Court.

5.      The United States is hereby authorized to conduct discovery to locate assets to satisfy this judgment pursuant to 21 U.S.C. § 853(m) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

6.      While this judgment remains unsatisfied, if  the United States locates particular directly forfeitable or substitute assets other than payments voluntarily made by Defendant, it may apply to this Court for an appropriate order to forfeit such property pursuant to 21 U.S.C. § 853(n) and Rule 32.2(e) of the Federal Rules of Criminal Procedure.

7.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

                                                        _____

                                                        JOSEPH L. TAURO

Date:  _____          United States District Judge