UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.  11-cr-10212-JLT |
| | ) | |
| 1.   JOHN WILLIS | ) | |
| 2.   BRANT WELTY | ) | |
| 3.   PETER MELENDEZ | ) | |
| 4.   AIBUN ENG | ) | |
| 5.   BRIAN BOWES | ) | |
| 6.   KEVIN BARANOWSKI | ) | |
| 7.   MICHAEL CLEMENTE | ) | |
| 12.  BRIDGET WELTY | ) | |
| 14.  COLBY DEERING | ) | |
| 15.  ANH NGUYEN | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' MOTION FOR FINAL ORDER OF FORFEITURE

The United States of America, by its attorney, Carmen M. Ortiz, United States Attorney for the District of Massachusetts, hereby moves that this Court issue a Final Order of Forfeiture as to certain seized and restrained property of the defendants in accordance with Title 21, United States Code, Section 853, Title 18 United States Code, Section 982(a)(1), Title 31, United States Code, Section 5317(c), Title 28, United States Code, Section 2461(c), and Rule 32.2(c) and (e) of the Federal Rules of Criminal Procedure with respect to Defendants JOHN WILLIS, BRANT WELTY, PETER MELENDEZ, AIBUN ENG, BRIAN BOWES, KEVIN BARANOWSKI, MICHAEL CLEMENTE, BRIDGET WELTY, COLBY DEERING, and ANH NGUYEN (hereafter, collectively, "Defendants"), for the reasons set forth below.

On June 5, 2013, on the United States' motion, and without opposition, this Court entered a Preliminary Order of Forfeiture (Docket No. 736) against the following property (hereafter, collectively, the "Preliminarily Forfeited Property") pursuant to 21 U.S.C. §§ 853(a)(1) & (2), 18

U.S.C. § 982(a)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c):

a. The Retail Package Store All Alcoholic Beverages License issued by the Commonwealth of Massachusetts Alcoholic Beverages Control Commission to Cru Wine & Spirits, Inc. ("Cru"), 1750-1752 Washington Street, Boston, Massachusetts, and all rights appertaining thereto, to the extent that such rights are forfeitable to the United States and transferable to another person by the United States pursuant to applicable federal, state, and local law and regulations, including, but not limited to, the physical license document which has been identified for forfeiture purposes as Asset Nos. 11-FBI-004540;

b. The inventory of wine and liquor seized from the 1750-1752 Washington Street, Boston, Massachusetts, premises of Cru, on or about May 27, 2011, which has been identified for forfeiture purposes as Asset No. 11-FBI-003952, and which is more fully described in Exhibit A attached to, and hereby incorporated in, this Order;

c. Approximately $98,473.00 in United States currency, seized by the Ridgeland, South Carolina, Police Department from Michael Shaw and Defendant JOHN WILLIS (who falsely identified himself to police as Defendant BRANT WELTY) on or about February 10, 2011, on Route 95 in Ridgeland, South Carolina, turned over to the Drug Enforcement Administration for federal forfeiture, numbered for tracking purposes as Asset No. 11-DEA-543937, and claimed on or about April 20, 2011, by Michael Shaw via a false sworn statement submitted by Shaw to DEA Forfeiture Counsel;

d. Approximately $42,940.00 in United States currency, seized by the Dillon, South Carolina, Police Department from Defendant JOHN WILLIS (who falsely identified himself to police as Defendant BRANT WELTY) and Defendant BRANT WELTY, on or about March 24, 2011, on Route 95 in Dillon, South Carolina, turned over to the Drug Enforcement Administration for federal forfeiture, numbered for tracking purposes as Asset No. 11-DEA-545304, and claimed on or about May 25, 2011, by Defendant BRANT WELTY via a sworn statement submitted by Defendant BRANT WELTY to DEA Forfeiture Counsel;

e. the following firearms, ammunition, and accessories, collectively identified for tracking purposes as Asset ID No. 11-FBI-005041, seized on May 27, 2011, from the Wormwood Street, Dorchester, apartment occupied by Defendants BRANT WELTY and BRIDGET WELTY:

   Handguns, some with ammunition and/or magazines

   (1) Colt Diamondback .38 caliber revolver, s/n D19274, determined to be untraceable by the ATF National Tracing Center;

   (2) Glock Model 19, 9 mm. pistol, s/n TE664US, with magazine and 13 rounds of ammunition;

(3) Interarms Walther PPKIS .380 caliber pistol, s/n 5076186;

(4) LW Seecamp California Edition .32 caliber pistol, s/n 046642, with 6 round magazine;

(5) Sig Sauer Model SP2340 pistol, s/n SP0012952, with 2 magazines containing 10 rounds each;

(6) Smith & Wesson Model 640, .38 caliber revolver, s/n CEN4731;

(7) Smith & Wesson Model 27, .357 caliber revolver, s/n N164836, reported stolen on about May 25, 2010, during a house break-in in Chester, Vermont;

(8) Smith & Wesson Model 66, .357 caliber revolver, s/n 6K82887;

(9) Smith & Wesson SW4OVE .40 caliber handgun, s/n RBT4168, with 2 magazines containing 10 rounds each, reported stolen on about October 19, 2010, from a residence in Stoneham, Massachusetts;

Other Firearms

(10) Remington Model 870 12-gauge Shotgun, s/n A740380M;

(11) DPMS Panther Arms A-15 Model rifle, s/n N0005955, with one magazine;

(12) Uzi Model B 9 mm. rifle, s/n 65661, with 4 magazines, bag, and barrel;

Other Ammunition

(13) 75 rounds of .32 caliber ammunition;

(14) 2 boxes of Wolf brand .223 caliber rounds, totaling 40 rounds;

(15) 270 rounds of .38 caliber ammunition;

(16) 63 rounds of .357 caliber ammunition;

(17) 4 rounds of .40 caliber ammunition;

(18) 93 rounds of .40 caliber ammunition;

(19) 80 rounds of .380 caliber ammunition; and

      (20)    138 Rounds of 9 mm. ammunition;

f.    US Armor body armor, s/n BA-US-61797003, reported stolen from a federal agent in Boston, and seized on May 27, 2011, from the Wormwood Street, Dorchester, apartment occupied by Defendants BRANT WELTY and BRIDGET WELTY;

g.    the following watches and jewelry seized on May 27, 2011, from the Wormwood Street, Dorchester, apartment occupied by Defendants BRANT WELTY and BRIDGET WELTY, and collectively identified for tracking purposes as Asset ID No. 11-FBI-004758:

    (1)    Men's gold-tone Movado watch;

    (2)    Men's 14k yellow gold overlay stainless steel Omega watch, Constellation model;

    (3)    Men's stainless steel Baume & Mercier watch, Copeland Sport model 65366, s/n 5270762;

    (4)    Men's stainless steel Tag Heuer watch with 11 single-cut diamond dot markers, model WJ1114-0, s/n YP7640;

    (5)    Men's stainless steel Tag Heuer watch, model CT1110, s/n MZ9436;

    (6)    Men's stainless steel & 18k yellow gold 8" bracelet; and

    (7)    Ladies' 18k yellow gold cluster ring, with 10 full-cut diamonds and 1 dark blue sapphire;

h.    Black 2005 American IronHorse Motorcycle, Massachusetts Registration No. 9X6771, VIN 5L5SJ144X51000005, identified for tracking purposes as Asset ID No. 11-FBI-004519;

i.    Various pieces of jewelry seized on or about May 27, 2011, from the Dorchester apartment occupied by Defendants JOHN WILLIS and ANH NGUYEN, collectively identified for tracking purposes as included in Asset ID No. 11-FBI-004487 (which also includes other items which are not being forfeited):

    (1)    Rhodium plated 14KYG ring set - 10 princess cut & 16 marquise cut diamonds (also described as 14 kt. White gold ring mounting with 14kt. Yellow gold center holding .05 princess cut diamonds);

    (4)    Stainless steel gent's watch Aeromarine Super Avenger watch w/Breitling movement (also described as Breitling stainless steel watch with 129 diamonds equaling 2.58 ct. and 351 diamonds equaling 3 ct.);

    (5)    Rodium plated 14KRG bracelet with 264 princess cut and 94 rd diamonds (also described as 14kt. White gold and diamond bracelet with a total of 22.70 ct.);

    (6)    Gents 14KWG ring with 84 princess cut and channel set with 36 rbc diamonds (also described as 14kt. Gold ring holding 84 princess cut diamonds each .04 ct.);

    (7)    Stainless steel lady's [*possibly counterfeit*] Tag Heuer Aquaracer quartz watch (also described as Stainless steel Tag Heuer watch with ½ pt. diamond markers and 42 full cut diamonds 1 and ½ pt. each.); and

    (8)    Stainless steel Rolex Oyster Perpetual Datejust watch w/12 round cut diamonds (also described as Rolex watch with 12 single cut round diamonds .01 pts. each);

j.    Yamaha Jet Ski, Florida Registration No. MS9286AW, VIN or S/N YAMA2946A606, seized on or about May 27, 2011, from the 2490 NE 23rd Court, Pompano Beach, Florida, home rented for Defendant JOHN WILLIS in the name of co-conspirator Peter Melendez (hereafter, the "Pompano Beach home") and identified for tracking purposes as Asset ID No. 11-FBI-3912;

k.    Seized Items Nos. 1B13 and 1B14 (seized on May 27, 2011, from defendant Brian Bowes incident to his arrest in Florida): Glock Semi-Auto 9 mm. Handgun Model 26, S/N: KPE731, a firearms magazine with 8 rounds of .40 caliber ammunition, and 9 rounds of 9 mm. ammunition;

l.    Seized Items Nos. 1B68 and 1B69 (seized on May 27, 2011, from the Pompano Beach home): Sig Sauer P226 .40 caliber pistol, S/N: UU613193 and two (2) Sig Sauer .40 caliber magazines with 24 Rounds of ammunition;

m.    Seized Items Nos. 1B72, 1B73, 1B75, and 1B78 (seized on May 27, 2011, from the Pompano Beach home): a total of approximately $2,026.00 in U.S. Currency (comprising Items 1B72 ($25.00), 1B73 ($1200.00), 1B75 ($254.00), and 1B78 ($547.00));

n.    Seized Item No. 1B94 (seized on May 27, 2011, during the search of the Park Street, Dorchester, apartment occupied by John Willis and Anh Nguyen): Various watches and jewelry including:

    (1)    One woman's platinum band ring with approximate 3k round diamond stone;

    (2)    One woman's white gold ring with approximately 1k in diamonds imbedded in band;

  (3) One diamond encrusted necklace with two solitaire diamond pendants;

  (4) One diamond earring;

  (5) One silver and diamond colored hoop earring;

  (6) One pair of diamond and sapphire colored earrings;

  (7) One woman's clustered diamond ring;

  (8) One woman's 2k diamond ring with diamond chip band;

  (9) One man's black and silver Invicta 1959 Diver watch with inscription on the back: "Between the devil and the deep blue sea come hell or high water";

  (10) One man's black strapped with diamond face "Hublot" watch with inscription on the back "BigBang" and the number "301RX";

  (11) One man's Jacob and Co. watch with black strap and diamond face, which shows time for multiple time zones);

  (12) One man's Breitling silver strap watch with black face;

  (13) One woman's Skagen watch with silver strap and silver face;

  (14) One man's silver colored bracelet (looks like bicycle chain); and

  (15) One man's silver colored necklace (looks like bicycle chain);

o. Seized Item 1B118 (seized on May 27, 2011, from the Wormwood Street apartment occupied by Brant Welty and Bridget Welty):  $500 in U.S. Currency;

p. Unnumbered item seized on May 27, 2011, from the Wormwood Street apartment occupied by Brant Welty and Bridget Welty:  31-round 9 mm. magazine with one (1) round of 9 mm. ammunition;

q. A total of approximately $979.25 in U.S. Currency, comprising seized Items 1B154, 1B55, 1B56, IB157, and 1B396, seized on May 27, 2011, from the premises of Cru Wine & Spirits, Inc.; and

r. The white 2000 Honda Odyssey, Massachusetts Registration No. N19060, VIN 2HKRL1866YH590541, seized from Aibun Eng on about May 27, 2011.

Thereafter, the United States duly published notice of the Preliminary Order of Forfeiture

on the government's official internet forfeiture website, www.forfeiture.gov. Docket No. 850. The government also sent direct notice of the Preliminary Order of Forfeiture, either directly, or through attorneys, or both, to Defendants and to all other persons known to the government to have potential claims to any of the Preliminarily Forfeited Property. See docketed U.S. Marshals Service Process Receipt and Return forms. Where notice by certified mail was returned, the notices were re-sent by regular mail. *See Jones v. Flowers*, 547 U.S. 220, 230 (2006) (where certified mail notice has been returned as undeliverable, re-sending the notice by regular mail may be sufficient to satisfy due process). The government also took additional steps to ensure that notice was provided to the persons and federal investigative agency from which some of the Preliminarily Forfeited Property had been stolen (i.e., two of the firearms and the body armor found in Brant and Bridget Welty's apartment).

<u>Stolen Pistol</u>

The person from whom one of the firearms was stolen in Stoneham, Massachusetts, did not respond to the government's repeated notices. Therefore, that firearm, a Smith & Wesson SW4OVE .40 caliber handgun, s/n RBT4168, with 2 magazines containing 10 rounds each, will be forfeited.

<u>Claims Submitted / Property Returned by Agreement/Valueless Property</u>

The person from whom the other firearm was stolen in Chester, Vermont, assigned his claim to Vermont Mutual Insurance Company, which had compensated him for the loss, and which submitted a claim for return of the firearm. Therefore, that firearm, part of Asset No. 11-FBI-007975), a Smith & Wesson Model 27, .357 caliber revolver, s/n N164836, will be returned to Vermont Mutual Insurance Company.

The stolen body armor has been claimed by, and will be returned to, the Department of

Homeland Security/Homeland Security Investigations, in Pennsylvania.

In connection with the sentencing of Defendant Anh Nguyen, the government agreed to return certain jewelry (i.e., 8 of the items comprising Seized Asset No. 11-FBI-007962) to Ms. Nguyen:  (1) One woman's platinum band ring with approximate 3k round diamond stone; (2) One woman's white gold ring with approximately 1k in diamonds imbedded in band; (3) One diamond encrusted necklace with two solitaire diamond pendants; (4) One diamond earring; (5) One silver and diamond colored hoop earring; (6) One pair of diamond and sapphire colored earrings; (7) One woman's clustered diamond ring; (8) One woman's 2k diamond ring with diamond chip band.  The FBI has returned these items to Anh Nguyen, and they will not be forfeited.

According to the United States Marshals Service, the liquor license formerly held by CRU Wine & Spirits, Inc., has expired, and any rights that CRU may have had in the license have been determined to have no current value.   Therefore, the CRU liquor license will not be forfeited.

## CONCLUSION

All proper claims to the Preliminarily Forfeited Property will thus be satisfied.   No other claims have been filed, and all of the applicable deadlines for contesting forfeiture of the Preliminarily Forfeited Property have expired.

Therefore, it is now appropriate for this Court to enter a Final Order of Forfeiture as to the remainder of the Preliminarily Forfeited Property, as set forth in the proposed Final Order of Forfeiture submitted with this motion.

WHEREFORE, the United States requests that this Court enter a Final Order of Forfeiture in the form submitted with this motion.

|  |  |
|---|---|
|  | Respectfully submitted,<br>CARMEN M. ORTIZ<br>United States Attorney |
| By: | s/Richard L. Hoffman<br>Richard L. Hoffman<br>Timothy E. Moran<br>Assistant U.S. Attorneys<br>United States Courthouse<br>1 Courthouse Way, Suite 9200<br>Boston, MA  02210 |
| Date:   November 12, 2013 | (617) 748-3279 |

## CERTIFICATE OF SERVICE

I hereby certify that today, November 12, 2013, I am filing the foregoing motion and the proposed Final Order of Forfeiture via the ECF system, which will cause copies to be served upon the defendants by sending copies by email to their attorneys of record.

s/Richard L. Hoffman
Richard L. Hoffman
Assistant U.S. Attorney