UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v.        ) | No.  11-10212-DPW |
| ) | |
| JOHN WILLIS,   ) | |
| Defendant.   ) | |

## GOVERNMENT STATUS REPORT

The United States, by and through Assistant United States Attorneys Nathaniel R. Mendell and Jennifer H. Zacks, submits this status report regarding the defendant's pending motion, filed pursuant to 18 U.S.C. §3582.

**a.   The defendant's eligibility for a reduction of sentence in accordance with 18 U.S.C. §3852.**

**1.   Procedural background.**

The defendant was charged with conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. §§846, 841(b)(1)(C) (Count One) and money laundering conspiracy, in violation of 18 U.S.C. §§1956(h), 1956(a) (Count Two).  D.882.  The defendant pled guilty to the charges on March 14, 2013.

The Probation Department concluded that the defendant qualified as a career offender pursuant to USSG §4B1.1, which would have generated an offense level of 34.  However, as detailed below, his base offense level under USSG §2D1.1 was

greater than the career offender offense level and thus governed the guideline calculations.

The presentence report ("PSR") found the defendant responsible for 31,983 kilograms of marijuana equivalent, generating a base level offense ("BOL") of 38. A two-level enhancement applied because the defendant possessed firearms in connection with the offense. Another two-level enhancement applied because the defendant was convicted of money laundering and an additional four levels were applied based on the defendant's role. The defendant was granted a three-level reduction for acceptance of responsibility, resulting in a total offense level ("TOL") of 43. Because the defendant was a career offender, he was in criminal history category VI. PSR ¶ 187.

The defendant's TOL of 43, combined with his CHC of VI, would have produced a guideline sentencing range ("GSR") of life imprisonment. However, the statutory maximum on Count One was 360 months and the statutory maximum for Count Two was 240 months. As a result, the defendant's statutory maximum sentence was 600 months, which became his GSR. *See* USSG §5G1.2

The Court adopted the guideline calculations set forth in the PSR. The Court imposed a below-guidelines sentence of 240 months, explaining "the Court imposed the sentence after considering all the surrounding circumstances and the probation department's determination as to the advisory guideline range." D.882.

The defendant is currently scheduled for release on October 27, 2028.

**2.   The defendant's eligibility for relief.**

The defendant is ineligible for a reduction in his sentence because he previously received a sentence below the bottom of the now-amended GSR. As the First Circuit has held, on a §3582 resentencing, the Court cannot reduce a sentence to a term less than the amended GSR, whether or not the original sentence included a downward departure or variance. The only exception – which is inapplicable in this case – is where the defendant received a substantial assistance departure. *See United States v. Hogan*, 722 F.3d 55, 62 (1st Cir. 2013)("Pursuant to §1B1.10(b)(2)(A), a court cannot reduce a defendant's sentence under '18 U.S.C. §3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)'").

**b.   Revised Guideline Calculation.**

Using the revised drug quantity table, the defendant's BOL is 36 and his TOL is 41. The defendant is a career offender, and, therefore, his CHC is VI. The revised GSR is 360 to 600 months, due to the statutory maximum.

**c.   Sentencing recommendation.**

The defendant is not eligible for a reduction.

**d.   Whether a hearing is required.**

No hearing is required.

**e.    Earliest projected release date based on the low end of the revised guideline calculation.**

The defendant's release date is unchanged.

**f.    Proposed briefing schedule on contested issues.**

No further briefing is required.

**g.    Whether a transcript is required.**

The government has reviewed the sentencing transcript.

**h.    Plea agreement.**

There was no plea agreement in this case.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: /s/ Jennifer H. Zacks
Nathaniel R. Mendell
Jennifer H. Zacks
Assistant U.S. Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210
617-748-3100
jennifer.zacks@usdoj.gov
DC bar # 431747

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                        /s/ Jennifer H. Zacks
                                        Jennifer H. Zacks
                                        Assistant United States Attorney

Date: December 31, 2015