# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District of Massachusetts | |
|---|---|---|
| Name (under which you were convicted): John Willis | | Docket or Case No.: |
| Place of Confinement: Federal Correctional Institution – Danbury | Prisoner No.: | 93950-038 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) | |
| v. John Willis | | |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____

   United States District Court for the District of Massachusetts

   Boston Division

   (b) Criminal docket or case number (if you know): 1:11-cr-10212-JLT

2. (a) Date of the judgment of conviction (if you know): March 13, 2013

   (b) Date of sentencing: August 15, 2013

3. Length of sentence: 240 months incarceration

4. Nature of crime (all counts): _____

   Conspiracy to commit money laundering in violation of 18 USC § 1956

   Conspiracy to distribute oxycodone in violation of 21 USC § 846

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐     (2) Guilty ☒     (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

   Willis plead guilty to both counts of the Second Superseding Indictment

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☐     Judge only ☐

Not Applicable

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?   Yes ☒   No ☐

9. If you did appeal, answer the following:

   (a) Name of court: <u>United States Court of Appeals for the First Circuit</u>

   (b) Docket or case number (if you know): <u>13-2102</u>

   (c) Result: <u>Affirmed</u>

   (d) Date of result (if you know): <u>April 7, 2014</u>

   (e) Citation to the case (if you know): <u>Unknown</u>

   (f) Grounds raised: <u>Whether the sentencing judge committed procedural error in</u>
<u>failing to consider essential factors required by 18 USC § 3553(a) and to</u>
<u>adequately explain the sentence.</u>

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒

     If "Yes," answer the following:

     (1) Docket or case number (if you know): <u>Not Applicable</u>

     (2) Result: <u>Not Applicable</u>

     (3) Date of result (if you know): <u>Not Applicable</u>

     (4) Citation to the case (if you know): <u>Not Applicable</u>

     (5) Grounds raised: <u>Not Applicable</u>

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

   Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: <u>Not Applicable</u>

     (2) Docket or case number (if you know): <u>Not Applicable</u>

     (3) Date of filing (if you know): <u>Not Applicable</u>

(4) Nature of the proceeding: _____     Not Applicable _____

(5) Grounds raised: _____     Not Applicable _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑  No ❑     Not Applicable

(7) Result: _____     Not Applicable _____

(8) Date of result (if you know): _____     Not Applicable _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____     Not Applicable _____

(2) Docket or case number (if you know): _____     Not Applicable _____

(3) Date of filing (if you know): _____     Not Applicable _____

(4) Nature of the proceeding: _____     Not Applicable _____

(5) Grounds raised: _____     Not Applicable _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ❑     Not Applicable

(7) Result: _____     Not Applicable _____

(8) Date of result (if you know): _____     Not Applicable _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:   Yes ❑   No ❑     Not Applicable

(2) Second petition:   Yes ❑   No ❑     Not Applicable

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____ Not Applicable _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: _____ See Attachment _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_____ See Attachment _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Supreme Court and First Circuit precedent foreclosed the raising of this issue and therefore any procedural default should be excused.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☐          Not Applicable

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____ Not Applicable _____

Name and location of the court where the motion or petition was filed: _____
Not Applicable

Attachment to John Willis Motion Under 28 USC § 2255

### Ground One

The Movant, John Willis, was found to be a career offender, using the Residual Clause of the United States Sentencing Guidelines (USSG).

### Supporting Facts

On June 26, 2015, the United States Supreme Court held the Residual Clause of the Armed Career Criminal Act (ACCA) to be unconstitutionally vague.  See Johnson vs United States, 135 S Ct 2551, ____ (2015).  The Supreme Court further held that the holding in Johnson is retroactive on collateral review.  See Welch vs United States, 136 S Ct 1257, 1268 (2016).

In the case at bar, Willis was found to be a career criminal.  One of the predicates used to qualify Willis as a career criminal was found by way of the Residual Clause in the USSG regarding Career Offenders, which is the same as that found in the ACCA.

The First Circuit has held that Johnson is applicable to the USSG.  The court has yet to rule on whether Johnson is applicable to Second or Successive Motions, but this Motion is the first Motion under 28 USC § 2255 filed by Willis.

The Government is going to argue that Willis can't show prejudice, but all that this Court needs to do is look at the Sentencing Transcripts.

AUSA Moran relied on the career offender designation as a way to convince this Honorable Court to sentence Willis to more than twenty years.  This was one of AUSA Moran's main arguments for such a severe sentence.

Further, Willis can show prejudice simply by the fact that the increase in the Criminal History Category alone has had the effect of increasing his security points within the scoring system used in the Federal Bureau of Prisons, thus increasing the security level of where Willis will serve his incarceration, and interfering with Willis's Fifth Amendment Due Process Liberty Interest Rights.

It must be noted that the Sixth Circuit has stated for the record that the Residual Clause of the ACCA and the Residual Clause of the Career Offender provisions of the USSG read the same and therefore must be treated the same for these purposes. See United States vs Binford.

Lastly, if this Court was to GRANT Willis a de novo resentencing, not only would the Criminal History Category scoring be reduced, but USSG Amendment 782, "All Drugs Minus Two" would also be available for the Court's final determination.

Respectfully,

John Willis, Pro Se

Docket or case number (if you know): ___Not Applicable_____

Date of the court's decision: _____Not Applicable_____

Result (attach a copy of the court's opinion or order, if available): __Not Applicable__

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐  No ☐      Not Applicable

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐  No ☐      Not Applicable

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐  No ☐      Not Applicable

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____Not Applicable_____

Docket or case number (if you know): ___Not Applicable_____

Date of the court's decision: _____Not Applicable_____

Result (attach a copy of the court's opinion or order, if available): _____

_____Not Applicable_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____Not Applicable_____

Supreme Court and First Circuit precedent foreclosed the viability of

this issue and any procedural default should be excused.

_____

_____

GROUND TWO: _____Not Applicable_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____Not Applicable_____

_____

_____

_____

_____

_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____ Not Applicable _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have __not__ previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: The single issue raised in this Motion was never raised in any other proceedings due to the fact that Supreme Court and First Circuit precedent foreclosed the viability of raising the issue.

_____

_____

_____

14. Do you have any motion, petition, or appeal __now pending__ (filed and not decided yet) in any court for the judgment you are challenging?       Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____ Not Applicable _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging. Jeffrey A Denner & Associates, P.C.

(a) At preliminary hearing: Four Longfellow Place, 35th Floor, Boston, MA  02114

_____

(b) At arraignment and plea: _____ See Above _____

_____

(c) At trial: _____ See Above _____

_____

(d) At sentencing: _____ See Above _____

_____

(e) On appeal: _____ . See Above _____

_____

(f) In any post-conviction proceeding: _____ Not Applicable _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____
                                 Not Applicable _____
_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐ No ☒

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____ Not Applicable _____

_____

   (b) Give the date the other sentence was imposed: ___ Not Applicable _____

   (c) Give the length of the other sentence: _____ Not Applicable _____

   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐   Not Applicable

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* This Motion is timely. The Supreme Court's holding in Johnson was issued on June 26, 2015. After Johnson was held to be retro-active by the Supreme Court in Welch, Motions must be filed within one year of the filing date of the Johnson decision. Therefore, this Motion is timely filed through the prison legal mail system filing rule.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: Appointment of Counsel
and a de novo resentencing.

or any other relief to which movant may be entitled.

_____Not Applicable_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on June
___, 2016.   (month, date, year).

Executed (signed) on June 14, 2016 _____ (date).

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion. _____ Not Applicable _____

IN FORMA PAUPERIS DECLARATION.
United States District Court for the District of Massachusetts
[Insert appropriate court]
* * * * *