# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **JOHN WILLIS** | ) | |
| **Petitioner** | ) | |
| | ) | **Cr. No. 11-10212-DPW-1** |
| **v.** | ) | **Civil Action No. _____** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| **Respondent** | | |

### GOVERNMENT'S MOTION TO STAY LITIGATION PENDING SUPREME COURT'S DECISION IN *BECKLES v. UNITED STATES*

The United States of America respectfully moves this Court to stay the litigation in this 28 U.S.C. §2255 matter pending the U.S. Supreme Court's decision in *Beckles v. United States*, Docket No. 13-13569.  In support of this motion, the government states as follows:

1.      In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the U.S. Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e)(2)(B)(ii), which defines the term "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague.   In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Court held that *Johnson* announced a substantive rule of constitutional law that applies retroactively to ACCA cases on collateral review. The Court has not held that *Johnson* applies to the United States Sentencing

Guidelines (although that is the government's position), or that it applies retroactively on collateral review in Guidelines cases.  It is the government's position that *Johnson* does not apply retroactively on collateral review in Guidelines cases.  *See* Brief of the United States in Opposition (filed May 13, 2016), *Jones v. United States*, Docket No. 15-8629 (U.S.), available at http://www.scotusblog.com/wp-content/uploads/2016/06/15-8629-Jones-v.-US-Brief-in-Opp-FINAL.pdf.

2.      On Monday, June 27, 2016, in *Beckles v. United States* (No. 13-13569), the Supreme Court granted a petition for a writ of *certiorari* to address, *inter alia,* (a) whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in USSG §4B1.2(a)(2) (defining "crime of violence"), which is identical to the ACCA's residual clause, and (b) whether *Johnson*'s constitutional holding applies to the residual clause in USSG §4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review.

3.      This case presents the precise issues raised in *Beckles*.  The government submits that it would not be productive for this Court to analyze and adjudicate the complex retroactivity questions that are now before the Supreme Court.  Moreover, it seems likely, now that the Supreme Court is reviewing these issues, that either party is likely to notice an appeal from an adverse ruling on this

issue in any district court case, and that any appeal would likely be stayed by the U.S. Court of Appeals for the First Circuit.  In these circumstances, it would be prudent for this Court to stay litigation in this case.

4.      The government recognizes that petitioner may claim, or has claimed, that he has overstayed his post-*Johnson* guideline sentencing range ("GSR") or, should the Court grant a stay, that he will overstay his post-*Johnson* GSR.  Such a claim presupposes that the defense will prevail in *Beckles* and, furthermore, that the post-*Johnson* GSR can be readily calculated.  Even if the defense does prevail, the latter is unlikely, given the uncertainties that continue to surround how some common predicates (such as, for example, assault and battery with a dangerous weapon, or assault and battery on a police officer) will be treated after *Johnson*, *Mathis v. United States,* Docket No. 15-6092  (June 23, 2016) (http://www.supremecourt.gov/opinions/15pdf/15-6092_1an2.pdf), and *Voisine v. United States*, Docket No. 14-10154 (June 27, 2016) (http://www.supremecourt.gov/opinions/15pdf/14-10154_19m1.pdf), and that the government may well seek an upward variance in a post-*Johnson* resentencing based upon, among other things, the very same conviction(s) that petitioner claims is no longer a ground for Guidelines enhancements.

5.      In any event, (a) the petitioner procedurally defaulted this claim by failing to raise it at sentencing and on appeal and cannot establish entitlement to

raise this issue now, *Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice'…or that he is 'actually innocent'."); *Bucci v. United States*, 662 F.3d 18, 28 (1st Cir. 2011) (to avoid procedural default, a §2255 petitioner must show that he raised the issue both during his criminal case and on direct appeal; and (b) the petitioner would not be entitled to relief even if *Johnson* applied retroactively on collateral review in the Guidelines context.  The petitioner's total offense level without the career offender designation and with acceptance of responsibility was 43, which exceeded the career offender level.  At Criminal History Category VI, his advisory Guideline Sentencing Range would have been life; instead it was the statutory maximum of 600 years (Judge Tauro sentenced petitioner to twenty years in prison).  With relief under *Johnson*, the petitioner's Criminal History Category would drop to IV but his advisory Sentencing Guidelines Range would remain unchanged (TOL 43/CHC IV is also presumptively life).

## **CONCLUSION**

For these reasons, the government respectfully requests that the Court issue an order staying further litigation in this case until the Supreme Court decides *Beckles* and inviting the government to file a response to the petitioner's 28 U.S.C. §2255 petition within 30 days after the Supreme Court issues its decision in *Beckles*.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:   /s/ *Timothy E. Moran*
TIMOTHY E. MORAN
Assistant U.S. Attorney

## RULE 7.1 CERTIFICATION

The government certifies that it has not conferred with petitioner because petitioner is *pro se* and in prison.

/s/ *Timothy E. Moran*
TIMOTHY E. MORAN
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I, Timothy E. Moran, AUSA, hereby certify that on 7/1/2016, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to the following non-registered participants:

JOHN WILLIS
Prisoner No. 93950-038
FCI Danbury.
Federal Correctional Institution
Route 37
Danbury, CT 06811

/s/ *Timothy E. Moran*
TIMOTHY E. MORAN
Assistant U.S. Attorney