## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JOHN WILLIS ) | CRIMINAL NO. 11-cr-10212 |

### Counsel's Response to Court Order
### of September 2, 2016 (Docket Entry #1273)

On September 1, 2016, undersigned counsel filed a motion to withdraw as counsel for the defendant, John Willis, or in the alternative, to act as standby counsel (docket #1272). On the following day, the Court issued the following Order in response:

> DENIED in the absence of compliance with Local Rule 83.5.2(c). In the absence of compliance with the Local Rule, counsel is obligated to submit in support of defendant's motion what is termed in appellate practice an "Anders Brief", a brief filed in this setting by a court-appointed defense attorney who wants to withdraw from a case based on the belief that the motion is frivolous. *Cf. Anders v. California*, 386 U.S. 738 (1967). In doing so, counsel's duty is to study the record and to consult with the defendant to ascertain whether there is anything in the record to support the motion. Counsel should not consider the case with a view toward a finding of no merit or of acting as a neutral party. Only if counsel can find no issue of even arguable merit should the submission be in the nature of an amicus curiae brief.

Local Rule 83.5.2(c) provides in relevant part: "Withdrawal of Appearance. An attorney may withdraw an appearance on behalf of a party by either of the following procedures. . . . (2) Leave of Court.

An attorney may seek leave of court to withdraw his or her appearance for good cause shown."

Undersigned counsel interprets the Court's ruling to mean that he failed to show "good cause" why his motion should be granted notwithstanding the fact that, as counsel indicated in his motion to withdraw, he felt that "there was no reasonable likelihood that [the defendant] could benefit materially from the *Johnson* decision", *Johnson v. United States*, 135 S.Ct. 2551 (2015).

Faced with the Court's instruction that he file the district court equivalent of an "Anders brief", undersigned counsel finds himself ethically unable to comply. He will attempt to explain.

## I. The Government's Arguments

The government has raised three arguments in opposition to Mr. Willis's claim. For purposes of this response, undersigned counsel submits that none of them are dispositive.

### A. Johnson applies retroactively to guideline claims.

First, the government asserts that *Johnson* does not apply retroactively to sentencing guideline cases. See Government's Opposition and Request for Summary Dismissal (Document # 1269) at 4-14. In fact, as the government admits, this is an open question and is currently pending before the Supreme Court. *See Beckles v. United States*, S.Ct. No. 15-8544 (cert. granted; no argument date has been set). Indeed, the Supreme Court has already found that the rule announced in *Johnson* is substantive and therefore retroactive in ACCA

cases on collateral review. *See Welch v. United States*, 136 S.Ct. 1257 (2016). Moreover, the government concedes that *Johnson's* holding that the ACCA's residual clause is invalid applies to the identically worded residual clause in the career offender sentencing guideline. See Gov't Opp. at 5. Finally, at least one other district court judge in Massachusetts has already concluded that *Johnson* applies retroactively to guidelines cases. *See United States v. Stampley,* D. Mass. 11-CR-10302-IT, Memorandum and Order, September 9, 2016 (Document #113) at 7. So there is good reason to believe that the Supreme Court will likewise find that it is applies retroactively in guidelines cases.

> **B. Because Mr. Willis's *Johnson* claim is novel, he has established good cause for procedurally defaulting the claim.**

Second, the government asserts that Mr. Willis's challenge to his sentence is procedurally defaulted and that he will not be able to establish cause and prejudice to excuse that procedural default. See Gvm't Opp. at 14-21. At least with regard to cause, the government is wrong.

The government acknowledges that a procedural default may be excused for cause "where 'a constitutional claim is so novel that its legal basis is not reasonably available to counsel.'"  Gvm't. Opp. at 15 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)).  It argues, however, that the *Johnson* vagueness claim here is not novel but, rather, had been raised before and was therefore available to Mr. Willis.  Gvm't. Opp. at 15-17.

-3-

The government's argument is incorrect.  It is premised on an inaccurate characterization of the prevalence of residual clause vagueness challenges in the lower courts prior to *Johnson*.  More fundamentally, it assumes that if a claim has ever been made before it cannot be considered "novel".  This is contrary to Supreme Court and other precedent establishing that novelty gives rise to cause. Mr. Willis's vagueness claim is novel within the meaning of that precedent.

In *Reed v. Ross*, 468 U.S. 1, 15 (1984) the Supreme Court held that "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures."  468 U.S. at 16.  Stated slightly differently, cause is established when the state of the law at the time of the default offered no "reasonable basis" upon which to assert the claim.  468 U.S. at 16-17.

In *Reed*, the Court said that a new constitutional claim, made retroactive by the Court, may be deemed not "reasonably available" to counsel when the Court's decision establishing the claim: (1) explicitly overrules the Court's own precedent; (2) overturns a longstanding and widespread practice to which the Court has not spoken, "'but which a near-unanimous body of lower court authority

-4-

has expressly approved'"; or (3) disapproves a practice that the Court has arguably sanctioned in prior cases. *Reed*, 468 at 17 (quoting *United States v. Johnson*, 457 U.S. 537, 551 (1982)). "By definition," added the Court, "when a case falling into one of the first two categories is given retroactive application, there will almost certainly have been no reasonable basis upon which an attorney could have urged a … court to adopt the position that [the Court] has ultimately adopted," and such a case will satisfy the cause requirement. *Reed*, 468 U.S. at 17.

In *James v. United States*, 550 U.S. 192, 209, 213 (2007), the Supreme Court held that attempted burglary is a violent felony under the residual clause. In doing so the Court rejected the claim, raised not by the defendant but by a dissent, that the residual clause was unconstitutionally vague. *Id.* at 210 n.6. In *Sykes v. United States*, 564 U.S. 1, 16 (2011), the Court held that vehicular flight from law enforcement is a violent felony under the residual clause. Again the Court rejected the claim, raised not by the defendant but in dissent, that the residual clause was void for vagueness. *Id.* at 15-16 (the residual clause "states an intelligible principle and provides guidance that allows a person to 'conform his or her conduct to the law.'") (quoting *Chicago v. Morales*, 527 U.S. 41, 58, (1999)).

-5-

In *Johnson*, the Court explicitly overruled *James* and *Sykes*. *Johnson*, 135 S.Ct. 2551, 2563 ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. Our contrary holdings in *James* and *Sykes* are overruled."). Significantly, as in *James* and *Sykes*, the defendant in *Johnson* did not raise the vagueness issue. Rather, certiorari review was granted, and the case originally argued, on the issue whether possession of a short barreled shotgun is a violent felony under the residual clause.[1] *Johnson*, 135 S.Ct. at 2556. The Court sua sponte re-calendared the case and asked the parties to address whether the residual clause was unconstitutionally vague. *Id.*

Mr. Willis's case fits squarely within the second prong of *Reed*. As discussed below, the lower courts that considered anything resembling a vagueness challenge to the residual clause had rejected it. Meanwhile, at the time of his sentencing in 2013, district courts routinely imposed, and the Circuits routinely upheld, sentences imposed under the residual clause.[2] This constitutes a "longstanding

---

1 The certiorari petition is available at:

http://sblog.s3.amazonaws.com/wp-content/uploads/2014/04/13-7120-Johnson-Certiorari-Petition.pdf

2 Congress adopted the residual clause in 1986 when it expanded the predicate offenses for ACCA mandatory-minimum sentences to include prior convictions for a "violent felony" or "serious drug offense."

and widespread practice" within the meaning of *Reed*. 468 U.S. at 17.

The government argues that Mr. Willis's claim is futile, not novel. Gvm't. Opp. 15-17.

As an initial matter, the government's account of the history of residual clause vagueness challenges is simply incorrect. Citing *United States v. Sanders*, 705 F. Supp. 396, 399 (N.D. Ill. 1988), the government writes that "Well before *Johnson II*, defendants had been challenging the 'residual clause' … as unconstitutionally vague, with the earliest published decision rejecting this argument dating back to at least as early as 1988." Gvm't. Opp. at 15. Actually, *none* of the cases cited by the government can fairly be read to have presented a vagueness challenge resembling the claim established by *Johnson*.

In *Sanders*, which pre-dated *Taylor*, the ambiguity complained of was whether, in determining whether an offense presents a serious risk of injury to another, courts should consider the facts of the offense as committed by the defendant or, as *Taylor* subsequently held, apply a categorical approach. *See* 705 F.Supp.2d at 398

---

*Taylor v. United States*, 495 U.S. 575, 582 (1990). The first reported residual clause case in this Circuit dates to 1989. *See United States v. Patterson*, 882 F.2d 595, 604 (1st Cir. 1989) (foregoing attempt to define the enumerated offense "burglary," and holding instead that Massachusetts B&E statutes "fall within the catch-all provision of § 924(e)(2)(B)(ii)").

(discussing *United States v. Headspeath*, 852 F.2d 753 (4th Cir. 1988)).

In *United States v. Sorenson*, 914 F.2d 173 (9th Cir. 1990) (Gvm't. Opp. at 5), the defendant raised a grab-bag of constitutional challenges to the ACCA in its entirety, as might be expected in the wake of Congress' 1986 rewriting of the statute to considerably expand its reach. The predicate at issue in *Sorenson* was burglary – an enumerated offense – and the court resolved the case by deciding that the burglary there amounted to generic burglary as defined by *Taylor*. *Sorenson*, 914 F.2d at 174. The court rejected out of hand the defendant's various constitutional challenges. The void for vagueness argument, which again was aimed at the ACCA in its entirety rather than the residual clause specifically, was rejected in two sentences:

> [Sorenson's] void for vagueness argument fails also because there is no indication that the sentence enhancement provision at issue is so vague that it grants undue discretion to law enforcement officials. The factors for sentence enhancement under 18 U.S.C. § 924(e)(1) are quite specific.

*Id.* at 175.

*United States v. Presley*, 52 F.3d 64 (4th Circuit 1995) (Gvm't. Opp. at 5) also involved a host of constitutional challenges[3] to the

_____

3 "Presley has challenged ACCA as violative of the following dictates of the United States Constitution: the Commerce Clause, the Equal Protection Clause, the Due Process Clause, the Double Jeopardy

ACCA generally, rather than a vagueness challenge to the residual clause specifically, and there too the operative provision of § 924 was not the residual clause; rather, the defendant's robbery convictions were deemed to satisfy the force clause (18 U.S.C. § 924(e)(2)(B)(i)).   52 F.3d at 69.   The court rejected the constitutional challenges in toto.   Citing *Sorenson*, the court dispatched with the vagueness challenge in a single sentence:   "We agree with the Ninth Circuit that '[t]he factors for sentence enhancement under 18 U.S.C. § 924(e)(1) are quite specific,' … and thus ACCA is not void for vagueness." *Presley*, 52 F.3d at 68.

Finally, the government cites *United States v. Childs*, 403 F.3d 970 (8th Cir. 2005) (Govt.Resp. at 5-6).   *Childs* may be marginally closer to the mark, because there the challenged predicates were deemed violent felonies under the residual clause.   However, the precise nature of the vagueness challenge is nowhere stated, and whether it was aimed at the residual clause specifically cannot be gleaned from the opinion.   The court merely said that "Childs argues that § 924(e) is unconstitutionally vague," and, citing *Presley* and *Sorenson*, dismissed the argument in a single sentence:   "We agree with every other circuit that has considered this argument and hold that it has no merit." *Childs*, 403 F.3d at 972.

---

Clause, the "Ex Post Facto" Clause, and the Eighth Amendment."   52 F.3d at 67.

Such was the state of the law when Mr. Willis was sentenced on August 15, 2013.

The government is simply wrong then when, quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), it asserts that at the time of Willis's sentencing, "the Federal Reporters were replete with cases involving' vagueness challenges to the ACCA." Gvm't. Opp. at 17. As the foregoing discussion demonstrates, they were not.

Indeed, the vagueness claim here is not remotely comparable to the *Bailey* claim found not novel in *Bousley*. Certiorari was granted in *Bailey* to resolve a complex Circuit split over the meaning of the term "use" then appearing in 18 U.S.C. § 924(c). The Court's description of the split bears repeating here:

> As the debate within the District of Columbia Circuit illustrates, § 924(c)(1) has been the source of much perplexity in the courts. The Circuits are in conflict both in the standards they have articulated, compare *United States v. Torres-Rodriguez*, 930 F.2d 1375, 1385 (9th Cir.1991) (mere possession sufficient to satisfy § 924(c)) with *United States v. Castro-Lara*, 970 F.2d 976, 983 (1st Cir. 1992) (mere possession insufficient) and in the results they have reached, compare *United States v. Feliz-Cordero*, 859 F.2d 250, 254 (2nd Cir. 1988) (presence of gun in dresser drawer in apartment with drugs, drug proceeds, and paraphernalia insufficient to meet § 924(c)(1)), with *United States v. McFadden*, 13 F.3d 463, 465 (1st Cir. 1994) (evidence of gun hidden under mattress with money, near drugs, was sufficient to show "use"), and *United States v. Hager*, 969 F.2d 883, 889 (10th Cir. 1992) (gun in boots in living room near drugs was "used").

*Bailey v. United States*, 516 U.S. 137, 142 (1995) (minor alterations in citations).   Thus it is no surprise that in *Bousley* the Court found that a challenge to an expansive interpretation of the term "use" was not a novel claim at the time the petitioner there pled guilty. *See* 523 U.S. at 622-23.[4]

Even assuming, however, that at the time of Mr. Willis's sentencing a vagueness challenge comparable to that raised here *had* been raised and rejected before, that alone would not render the claim "futile" instead of "novel."   It is true that "the futility of presenting an objection … cannot alone constitute cause[.]"   *Engle v. Isaac*, 456 U.S. 107, 130 (1982).   The futility cases cited by the government, however, share a common denominator not present here. In each, the claim may have been futile in a particular jurisdiction, but it was viable somewhere, so as to place defense counsel on notice of the claim and the possibility that it might one day gain favor more broadly.   *See Engle*, 456 at 131-34 & nn. 39, 40 (observing that claim regarding allocation of burden of proof was derived in part from *In re Winship*, 397 U.S. 358, 364  (1970), decided almost five years before petitioners' trials, and in the interim "numerous courts

---

4 The petitioner in *Bousley* pled guilty in 1991.   As evidence that his claim was not novel the Court cited the 1991 opinion in *United States v. Cooper*, 942 F.2d 1200 (7th Cir.), wherein the defendant argued that the facts were insufficient to establish "use" under § 924(c).   *Bousley*, 523 U.S. at 622-23.

agreed that the Due Process Clause requires the prosecution to bear the burden of disproving certain affirmative defenses"); *Smith v. Murray*, 477 U.S. 527, 537 (1986) (claim against prosecution's presentation of evidence derived from psychiatric exam of defendant "had been percolating in the lower courts for years" at time of procedural default).[5] *Cf. Gunter v. United States*, 291 F.3d 74, 82 n.2 (1st Cir. 2002) (merger doctrine argument in Massachusetts felony murder cases not unavailable to counsel where it was "clearly viable" at time of default) (citing *Commonwealth v. Quigley*, 391 Mass. 461, 462 N.E.2d 92, 95 (1984)).[6]

Here, the government does not point to a single decision approving a vagueness challenge to the residual clause, and

---

[5] In *Smith v. Murray* the Court cited the petitioner's briefs, including his reply brief which argued (with support) that "If counsel had researched the federal law at the time that he [defaulted the claim], it is inconceivable that he would have concluded that the claim was without merit or that he would have failed to raise it." Reply Brief, *Smith v. Murray*, 1985 WL 669466 (1985) at *3.

[6] The government also points to cases rejecting novelty as cause for the failure to raise *Apprendi* claims after *McMillan v. Pennsylvania*, 477 U.S. 79 (1986), treated drug quantity as a mere sentencing factor. Gvm't. Opp. at 17. Unlike here, however, the majority opinion in *McMillan* itself, as the Court in *Apprendi* noted, suggested the contours of the *Apprendi* claim by stating that there are constitutional limits to the authority to define away the facts necessary to constitute a criminal offense, and pointing out that Pennsylvania's statutory scheme, unlike the statute at issue in New Jersey, did not keep facts from the jury that expose a defendant to greater or additional punishment. *See Apprendi v. New Jersey*, 530 U.S. 466, 486 (2000). A Supreme Court majority opinion's outline of a potential claim provides a toehold for that claim which was not available here.

undersigned counsel is unaware of any.  The claim is novel within the meaning of *Reed v. Ross*, and cause is established. At least three judges in this District have so held. *See, e.g., Turner v. United States*, 03-cr-10166-PBS, D.E. 218 (April 6, 2016); *Lozada v. United States*, 05-cr-30050-MAP (Feb. 18, 2016); *McFarlane v. United States*, 05-cr-10130-RWZ, D.E. 73 (Jan. 12, 2016).  Courts outside this district have agreed. *See, e.g., United States v. Casper*, 2016 WL 3583814 *4 (July 1, 2016); *United States v. Stamps*, 2016 WL 3747286 at *3 (N.D.Cal. June 29, 2016); *Gilbert v. United States*, 2016 WL 3443898 *2-3 (W.D.Wash. June 23, 2016); *United States v. Dean*, 2016 WL 1060229 * 5-6 (D.Ore. Mar. 15, 2016);[7] *United States v. Gomez*, 2016 WL 1254014 *4 (E.D.Wash. March 10, 2016); *United States v. Garcia*, No. 13-CR-00601-JST-1, 2016 WL 4364438, at *3 (N.D. Cal. Aug. 16, 2016); *Cummings v. United States*, No. 15-CV-1219-JPS, 2016 WL 799267, at *6-7 (E.D. Wis. Feb. 29, 2016); *United States v. Hill*, No. 3:08-CR-116, 2016 WL 3765234, at *3 (S.D. Ohio July 14, 2016); *Parker v. United States*, No. C16-0534RSM, 2016 WL 4418007, at *4-*5 (W.D. Wash. Aug. 19, 2016); *Pressley v. United States*, No. C16-510RSL, 2016 WL 4440672, at *3 (W.D. Wash. Aug. 11, 2016); *United States v. Gomez*, No. 2:04-CR-2126-RMP, 2016 WL 1254014, at *4 (E.D. Wash. Mar. 10,

---

7 *Dean* was decided before the Supreme Court ruled in *Welch* that *Johnson* is retroactive, and for that reason the district court's reasoning is different from, but consistent with, the argument advanced by Mr. Willis.

2016); *United States v. McGary*, No. CR 14-0013 CW, 2016 WL 4126451, at *3 (N.D. Cal. Aug. 3, 2016); *United States v. Snead*, No. CR 12-0649 CW, 2016 WL 4091548, at *3 (N.D. Cal. Aug. 2, 2016) (although ultimately denying relief); *United States v. Stamps*, No. CR 13-238 CW, 2016 WL 3747286, at *3 (N.D. Cal. June 29, 2016).

The district court decisions cited by the government (Gvmt. Opp. at 18) are poorly reasoned. In *United States v. Smith*, 2016 WL 1192657 *3 (D.Minn. Mar. 28, 2016) the court relied on an inapposite case where the petitioner failed to argue that DUI was not a crime of violence, as eventually held by the Supreme Court in *Begay*. The analysis in *Craig v. United States*, 2016 WL 183495 *2 and *Mungro v. United States*, 2016 WL 183497 *2 (W.D.N.C. Jan. 14, 2016) is comprised of a single sentence with a citation to *Bousley*, and the offense at issue in those cases was generic burglary in any event. The analysis in *McCrae v. United States*, 2015 WL 4641167 *2-3 (D.Md. Aug. 3, 2015) is similarly cursory, and the court does not even mention *Reed*.

Finally, without elaboration, the government asserts that "[g]iven the evolving caselaw on these issues at the time, Defendant cannot establish cause" for his procedural default. Gvm't. Opp. at 16. This assertion parrots dicta in *United States v. Damon*, 732 F.3d 1, 4 & n.4 (1st Cir. 2013). Mr. Damon's sentence was enhanced, without objection, on the basis of a Massachusetts assault and battery

conviction deemed a crime of violence under U.S.S.G. § 2K2.1  *Id.*
at 2.  At the time of sentencing, the rule in this Circuit was that
Massachusetts assault and battery was categorically a crime of
violence (or violent felony) as long as the criminal complaint
alleged "did assault and beat."  *See United States v. Mangos*, 134
F.3d 460 (1st Cir. 1998).  In *United States v. Holloway*, 630 F.3d
252, 254 (1st Cir. 2011), the First Circuit overruled *Mangos* in light
of *Johnson I*.  Damon sought post-conviction relief under 28 U.S.C.
§ 2255.  The First Circuit held that Damon's defaulted claim was
futile prior to *Johnson I* and *Holloway*, but not novel so as to give
rise to cause.

The claim in *Damon* is distinguishable from the *Johnson* claim
here.  Prior to *Holloway*, there was a circuit split over whether,
as the First Circuit held, the boilerplate charging language for
Massachusetts assault and battery ("did assault and beat") was
sufficient to establish that assault and battery is a violent felony.
In *United States v. Jones*, 235 F.3d 342, 347-48 (7th Cir. 2000), the
Seventh Circuit held the opposite, and further held that the
Massachusetts assault and battery in that case was not a crime of
violence.  The First Circuit rejected *Jones* in *United States v.
Santos*, 363 F.3d 19, 24 (2004).  Given *Jones*, the claim that
ultimately prevailed in *Holloway* was viable elsewhere, even if futile

in the First Circuit.  As discussed above, the same is not true of the vagueness claim.

Moreover, the court in *Damon* did not rely primarily on the fact that the ACCA case law was evolving at the time of the procedural default in that case.  Rather it principally relied on the fact that many defendants had raised the *Holloway* claim while Damon had not; the fact that the case law was evolving served only to make his failure to object all the more pronounced.  *Damon*, 732 F.3d at 5.  Again as discussed above, defendants were not raising the claim that the residual clause was void for vagueness.

*Damon* is inapposite, and does not control the outcome here.

In sum, because Mr. Willis's claim is novel, it establishes good cause for his procedural default. However, as the government notes, Mr. Willis would also have to establish prejudice in order to obtain relief. Counsel will address that issue at greater length below in Section II.

### C.  Mr. Willis's Massachusetts conviction for ABDW is categorically not a crime of violence.

Finally, the government argues that Mr. Willis's prior Massachusetts conviction for ABDW qualifies categorically as a "violent felony" under the force clause of the ACCA. Gvm't Opp. at 21-33. Once again, as the government acknowledges, it is an open question whether the Massachusetts crime of ABDW is or is not

categorically a crime of violence. Gvm't Opp. at 22, n. 8. Defendants have presented this question in several cases currently pending before the First Circuit. *See e.g. United States v. Tavares*, USCA No. 14-2319 (argued July 27, 2016). Rather than repeat the arguments here, counsel simply notes that the First Circuit will soon provide guidance on that question.

In sum, counsel does not view any of the arguments raised by the government as dispositive of Mr. Willis's claim.

## II. Undersigned Counsel's View of the Merits of Mr. Willis's Claim

In counsel's view, there is a viable argument that there was a *Johnson* error in this case. In *Johnson*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. 135 S. Ct. 2551, 2557 (2015). It follows from *Johnson* that the identical residual clause in the career offender provision (U.S.S.G. § 4B1.2(a)(2)) is also void for vagueness. If the Court were to agree,[8] it would be open to Mr. Willis to argue that his prior 2001 conviction

---

8 Again, the government concedes that *Johnson's* holding that the ACCA's residual clause is invalid applies to the identically worded residual clause in the career offender sentencing guideline. See Gov't Opp. at 5. Also, at least one other district court judge in Massachusetts has already concluded that *Johnson* applies retroactively to guidelines cases. *See United States v. Stampley,* D. Mass. 11-CR-10302-IT, Memorandum and Order, September 9, 2016 (Document #113) at 7. These issues are currently pending before the Supreme Court. *See Beckles v. United States*, S.Ct. No. 15-8544 (cert. granted; no argument date has been set).

for assault and battery with a dangerous weapon (knife) no longer qualifies as a "crime of violence" under the "enumerated offenses" clause or "elements" clause of the career offender provision (U.S.S.G. § 4B1.2(a)). It does not qualify as a "crime of violence" under the enumerated offenses clause because it is not a generic burglary of a dwelling, arson, extortion, or use of explosives offense. Likewise, there is an argument that it does not qualify as a "crime of violence" under the elements clause because arguably it 1) does not have as an element the use, attempted use, or threat of violent physical force, and/or 2) it does not require the *intentional* use, attempted use, or threatened use of violent physical force. *See e.g. United States v. Tavares*, USCA No. 14-2319 (argued July 27, 2016).

If Mr. Willis were to establish that he was erroneously classified as a career offender at his original sentencing, the government concedes that it is at least an open question whether Mr. Willis was subjected to an illegal sentence, warranting a resentencing. See. Gov't Opp. at 11, n. 3 and 4. In fact, at least one other Massachusetts district court judge has already found that where a *Johnson* error resulted in a defendant's improper designation as a career offender, his sentence was illegal and he was entitled to a resententing. *See United States v. Stampley,* D. Mass. 11-CR-10302-IT, Memorandum and Order, September 9, 2016 (Document #113) at 9.

However, even if the Court accepts Mr. Willis's argument that

he was erroneously classified as a career offender in light of
*Johnson*, and that this resulted in an illegal sentence warranting a
resentencing, he must still convince the Court that this error
prejudiced him. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.
Ct. 2546 (1991) (where a claim has been procedurally defaulted, the
defendant must establish cause and prejudice to excuse the default).

Because Mr. Willis was designated as a career offender, he was
assigned a criminal history category (CHC) of VI.  USSG § 4B1.1(b).
With relief under *Johnson*, it appears that Mr. Willis's total criminal
history score would have dropped to 9.  Therefore, had he not been
treated as a career offender, he would have been assigned a CHC of
IV.

According to the PSR, Mr. Willis's total offense level (TOL) was
43 points. With the revision of the drug quantity portion of the
federal sentencing guidelines, it appears that his TOL should have
been reduced by two points, to 41 points. See 18 U.S.C. § 3582.  But
even under this best-case scenario, his revised Guideline sentencing
range (GSR) would have been no different.  Specifically, a TOL of 41
and a CHC of IV yields a GSR of 360 months-life, which is precisely
the same as the GSR the probation department originally calculated
relying on a TOL of 43 and a CHC of VI.

Moreover, at Mr. Willis's sentencing hearing, Judge Tauro made
clear that he thought the Guidelines range was too high.  The sentence
he ultimately imposed - twenty years imprisonment - was far below the
GSR.  In essence then, there is no evidence that Judge Tauro considered

Mr. Willis's status as a career offender for sentencing purposes. Thus, it seems to undersigned counsel that neither the purportedly erroneous GSR nor Mr. Willis's designation as a career offender were material to Judge Tauro's imposition of a twenty year sentence.

Having said all of this, undersigned counsel finds himself unable to argue ethically that Mr. Willis's pro se habeas petition is "frivolous". As this Court noted in its Order, "[o]nly if counsel can find no issue of even arguable merit should the submission be in the nature of an amicus curiae brief." In counsel's view, Judge Tauro's sentence appears to have been "illegal" in a technical sense because he began with a potentially erroneous assumption that Mr. Willis was a career offender. Therefore, it appears to counsel that this Court has the discretion to resentence Mr. Willis.

Given that Judge Tauro exercised his discretion to impose a sentence ten years below the bottom end of the GSR, it appears clear to counsel that any *Johnson* error was immaterial to his sentencing decision. But it also appears clear that since the sentence was a product of discretion, this Court might exercise its discretion to arrive at a different sentence.

Finally, undersigned counsel is not currently aware of any basis for this Court to exercise its discretion to disturb Judge Tauro's original sentence beyond the fact that Mr. Willis was not a career offender as that term is defined under the Guidelines. But counsel is not comfortable stating definitively that Mr. Willis will not be

able to convince this Court that there are grounds to impose a different sentence.

In sum, while undersigned counsel is not currently aware of any basis to argue that any *Johnson* error could have had a material effect on Mr. Willis's sentence, he is not able to state definitively that this is the case and therefore he cannot state that Mr. Willis's pro se habeas petition is frivolous.

Having made a good faith effort to comply with the Court's Order, undersigned counsel is not sure whether this satisfies Local Rule 83.5.2(c) or, to the contrary, whether it establishes why he should remain in the case in some capacity. In any event, counsel renews his motion to withdraw or in the alternative to act as standby counsel.

Date: September 19, 2016

/s/ Chauncey B. Wood
Chauncey B. Wood
Wood & Nathanson, LLP
50 Congress street, Suite 600
Boston, MA 02110
Tel. (617) 248-1806
cwood@woodnathanson.com

## Certificate of Service

I hereby certify that this document, which was filed on this date through the ECF system, will be sent electronically on this date to all registered parties. Furthermore, I certify that I have mailed a copy of this document by first class mail, postage prepaid, to:

Mr. John Willis, #93950-038
FCI DANBURY

Route 37
Danbury, CT 06811

Date: September 19, 2016                    /s/ Chauncey B. Wood
                                            Chauncey B. Wood